IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


CHARLES TERRENCE BRUFF,


Plaintiff-Appellant,


v.


USAA EDUCATIONAL ASSISTANCE PLAN, et al.,


Defendants-Appellees.


Civil Action No. 5:26-CV-01720-XR


**PLAINTIFF'S SUPPLEMENTAL NOTICE OF INTERLOCUTORY APPEAL**


### I. INTRODUCTION

Plaintiff Charles Terrence Bruff hereby supplements his Interlocutory Notice of Appeal filed April 23, 2026 (Doc. 26) to include orders entered by the district court after that date. These orders are part of the same pattern of text-order dispositions without findings of fact, conclusions of law, or citation to authority that is the subject of the pending interlocutory appeal. They are presented here to provide the Fifth Circuit with a complete and current record of that pattern as it has developed during the pendency of the appeal.

The original Notice of Appeal (Doc. 26) challenged orders entered through April 23, 2026, including the denial of Plaintiff's preliminary injunction motion (Doc. 25) and the denial of Plaintiff's motion for a protective order (Doc. 16), both entered by text order without findings or citation to authority, bearing the law clerk notation TMlc. Since the filing of that notice, the district court has entered five additional orders. Four of those orders continue the documented pattern. One — the granting of the USAA defendants' unopposed motion for an extension of time to answer — is noted for completeness but does not reflect the pattern at issue.

## II. THE POST-APPEAL ORDERS

### A. Text Order Denying Doc. 28 — May 4, 2026 (TMlc)

On May 4, 2026, the district court denied Plaintiff's Motion for Corrective Action (Doc. 28) by text order, three days after filing and before Lincoln filed any opposition. The order applied the wrong legal standard. It characterized Plaintiff's motion as seeking relief on behalf of a third party and denied it on standing grounds under Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). Doc. 28 explicitly identified three concrete injuries running directly to Plaintiff — contamination of Plaintiff's own administrative record, a false production certification directed at this Court, and Plaintiff's involuntary possession of another individual's protected health information — none of which required third-party standing. The order did not address any of those three injuries. No findings were issued. No authority was cited for the standing analysis beyond the threshold Lujan standard. (TMlc)

### B. Text Order Granting Doc. 33 — May 13, 2026 (TMlc)

On May 13, 2026, the district court granted the USAA defendants' unopposed motion for an extension of time to answer (Doc. 33), extending their answer deadline to June 22, 2026. This order is noted for completeness. It is not an instance of the pattern at issue — it resolved an unopposed ministerial request without contest. It is included here because the TMlc notation appears on this order as well, demonstrating that the notation reflects the entry mechanism rather than the absence of judicial involvement on contested matters.

### C. Text Order Mooting Doc. 34 — May 19, 2026 (TMlc)

On May 19, 2026, the district court mooted Plaintiff's Application for Clerk's Entry of Default (Doc. 34) by text order entered the same day. The order's reasoning in its entirety: "Defendant Lincoln National Life Ins. Co. filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 35)."

The order contains no legal analysis, cites no authority, and does not address: (1) whether Doc. 35 was timely filed; (2) whether leave of court was required and obtained; (3) whether a motion to dismiss filed after a default has already arisen by operation of law can cure that default; or (4) the distinction between Rule 55(a) entry and Rule 55(c) set-aside as the only two recognized mechanisms for resolving a default. Plaintiff's Application was filed at 1:54 a.m. on May 19. Lincoln's Motion to Dismiss was filed at approximately 6:00 a.m. on May 19 — after the default existed, after Plaintiff's application was on the docket, and without leave of court. The order does not acknowledge this sequence.

Comprehensive research of published federal case law and the Federal Judicial Center's February 2024 study of default practices across all ninety-four federal district courts has not identified any precedent — in any circuit or any district — for mooting a default application on the ground that the defaulting party subsequently filed a motion to dismiss. The procedural outcome created by this order does not exist in the Federal Rules, in Fifth Circuit authority, or in documented district court practice nationwide. (TMlc)

### D. Text Order Denying Doc. 39 — May 20, 2026 (TMlc)

On May 20, 2026, the district court denied Plaintiff's Motion for Reconsideration of the Mootness Order (Doc. 39) by text order entered less than twenty-four hours after the motion was filed. The order's reasoning in its entirety: "Defendant Lincoln National has appeared. Plaintiff is not prejudiced by having to prosecute his case."

Doc. 39 raised eight distinct legal arguments across twelve pages, supported by the Federal Judicial Center's February 2024 study, Rule 55(a), Rule 55(c), Rule 52(a)(2), Lacy v. Sitel Corp., 227 F.3d 290 (5th Cir. 2000), CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60 (5th Cir. 1992), and the complete absence of any published authority supporting the mootness procedure employed. The order does not address any of those arguments. It does not address the chronology

establishing that the default arose before Doc. 35 was filed. It does not address Rule 55(c)'s good cause requirement. It does not address the FJC report. It does not address the Rule 52(a)(2) problem created by the absence of findings. It does not address the four specific forms of prejudice Plaintiff identified — the impossible position created by the mootness order, the stay-without-PI dilemma, the USAA cascade problem, and the June 2 MTD response deadline conflict.

The order's prejudice finding — "Plaintiff is not prejudiced by having to prosecute his case" — does not engage with the prejudice Plaintiff actually identified. Plaintiff did not claim prejudice from prosecuting his case. Plaintiff identified prejudice from being required to prosecute his case against a defendant whose default was dissolved through a procedural mechanism that does not exist in the rules, creating a cascade of consequences that a stay would prevent. The order substitutes a generic characterization for any engagement with the actual prejudice arguments. (TMlc)

### III. THE PATTERN OF SELECTIVE SPEED

The post-appeal orders reveal a pattern that extends beyond the absence of findings. The timing of adverse dispositions, compared to the timing of rulings on motions requiring substantive engagement, demonstrates a consistent asymmetry that the Fifth Circuit should have before it as part of the complete record.

The following table summarizes the disposition timeline for contested motions filed by Plaintiff since the case was initiated:

| Motion | Filed | Briefing Complete | Ruled | Turnaround |
|---|---|---|---|---|
| Doc. 2 — Attorney Appt. | Mar 16 | Not complete | Apr. 13 (denied) | < 1 week |
| Doc. 16 — Protective Order | Apr. 9 | Apr. 17 (reply) | Apr. 16 (denied) | Before reply filed |

| Doc. 25 — PI (Status Quo) | Apr. 20 | Never (no opposition) | Apr. 22 (denied) | 2 days |
|---|---|---|---|---|
| Doc. 28 — Corrective Action | May 1 | Never (no opposition) | May 4 (denied) | 3 days |
| Doc. 34 — Default Application | May 19 (1:54 AM) | May 19 (reply filed) | May 19 (mooted) | Same day |
| Doc. 39 — Reconsideration | May 19 (evening) | Not complete | May 20 (denied) | < 24 hours |

The following table summarizes the disposition timeline for motions that remain unruled:

| Motion | Filed | Briefing Complete | Days Pending | Status |
|---|---|---|---|---|
| Doc. 27 — PI Pending Appeal | Apr. 24 | May 3 | 17+ days | No ruling |
| Doc. 32 — Motion to Seal | May 4 | May 18 (unopposed) | 16+ days | No ruling |

The pattern is precise. Every motion Plaintiff filed that was susceptible to quick adverse disposition was disposed of within hours or days — in two instances before the briefing cycle was complete, and in one instance before any opposition was filed. The two motions that remain pending are the two motions that would require substantive engagement to resolve: the PI pending appeal, which has been fully briefed for seventeen days, and the motion to file under seal, which has been unopposed since May 18.

A busy docket produces slow rulings across the board. The pattern here is not slowness. It is selective speed in one direction — rapid adverse dispositions without findings, and silence on

motions requiring analysis. This asymmetry is itself part of the pattern the original interlocutory appeal presents to this Court.

### IV. BASIS FOR SUPPLEMENTAL NOTICE

Under Federal Rule of Appellate Procedure 3 and 28 U.S.C. § 1291, a notice of appeal encompasses orders entered after the original notice that are sufficiently related to the issues on appeal. The orders identified in this supplemental notice are directly related to the issues presented in the original interlocutory appeal: the district court's pattern of resolving contested motions by text order without findings of fact, conclusions of law, or citation to authority, in violation of Federal Rule of Civil Procedure 52(a)(2).

Each post-appeal order identified above — the Doc. 28 denial, the Doc. 34 mootness order, and the Doc. 39 reconsideration denial — is a text-only entry bearing the TMlc notation, entered without findings, without cited authority, and in two instances without engagement with the legal arguments presented. Together they extend and complete the pattern the original notice placed before this Court.

Plaintiff files this supplemental notice to ensure the Fifth Circuit has a complete and current record. Plaintiff will address the legal significance of these orders and their relationship to the issues on appeal in his appellate brief.

Respectfully submitted,

/s/ Charles T. Bruff
Charles Terrence Bruff
Pro Se Plaintiff-Appellant
4835 Medical Drive #29643 San Antonio, Texas 78229
cbruff13@outlook.com
(318) 452-8978

Date: May 20, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, a true and correct copy of the foregoing Supplemental Notice was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Iwana Rademaekers, Esq. | iwana@rademaekerslaw.com

James Goodfellow, Esq. | james.goodfellow@jacksonlewis.com

/s/ Charles T. Bruff

Charles Terrence Bruff