NO. 26-50345

---

UNITED STATES COURT APPEALS
FOR THE FIFTH CIRCUIT

---

CHARLES BRUFF,

Plaintiff-Appellant,

vs.

USAA HEALTH AND WELFARE BENEFITS PLAN, USAA
EDUCATIONAL ASSISTANCE PLAN, UNITED STATES AUTOMOBILE
ASSOCIATION, AND LINCOLN NATIONAL LIFE INSURANCE
COMPANY,

Defendants-Appellees.

---

On Appeal from the United States District Court
For the Western District of Texas
C.A. No. 5:26-CV-01720

---

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE
TO APPELLANT'S EMERGENCY MOTION FOR INJUNCTION
PENDING APPEAL

---

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR APPELLEE THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY

# **CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1.  Plaintiff-Appellant, Charles Bruff

2.  Defendant-Appellee, The Lincoln National Life Insurance Company

3.  Lincoln, parent corporation, Lincoln National Corporation.

4.  Law Offices of Iwana Rademaekers, P.C.

Dated:   July 20, 2026

/s/ Iwana Rademaekers
IWANA RADEMAEKERS
Attorneys for Appellee, The Lincoln National Life Insurance Company

1

## PROCEDURAL BACKGROUND

The above-styled action pertains to the claim submitted by Plaintiff-Appellant Charles Bruff ("Bruff") for benefits from the USAA Health and Welfare Benefits Plan (the "Plan") under the Group Disability Insurance Policy[1] (the "Policy") issued by Defendant-Appellee The Lincoln National Life Insurance Company ("Lincoln") to USAA Employee Benefit.  Bruff's claim was approved by Lincoln and continues in payment status to the present date.[2]  Bruff's Complaint filed in the District Court, Civil Action No. 5:26-CV-01720 (the "District Court case") seeks relief from all Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"),[3] under 29 U.S.C. § 1132(a)(1) and 29 U.S.C. § 1132(a)(3).

Although it is somewhat unclear what relief Bruff seeks from Lincoln in the District Court case, the allegations against Lincoln in the Complaint appear to stem from Bruff's communications with Lincoln's claims department regarding access to his claim file.[4]  However, there has been no adverse determination regarding Bruff's LTD benefit from the Plan under the Policy that would have triggered a requirement under 29 U.S.C. § 2560.503-1(h)(2)(iii) that the claim file must be

---

[1]    Complaint at Exhibit LTDPOL (ROA.317-369).
[2]    Complaint at ¶¶ 7-11 (ROA.10).
[3]    Complaint at ¶ 1 (ROA.9).
[4]    Complaint at ¶¶ 25 and 27 (ROA.14).

provided to Bruff. Nevertheless, as Bruff has now filed a lawsuit and the claim file and resulting administrative record would be relevant to Bruff's claims, Lincoln's counsel provided Bruff with a full copy of the claim file and the relevant policy on April 12, 2026, which effectively moots this claim by Bruff against Lincoln.

Additionally, Bruff argues that Lincoln has "denied vocational rehabilitation services without a formal denial letter.[5] However, as Mr. Bruff states in the Complaint, "vocational rehabilitation is not defined in the [Policy]."[6] That is because "vocational rehabilitation" or vocational services is not a benefit under the Policy. It appears that Mr. Bruff has confused the Rehabilitation Incentive Benefit in the Policy with vocational services that Lincoln may make available to claimants in certain instances, which are not a Policy benefit. Specifically, the Rehabilitation Incentive Benefit provides:

> Lincoln will pay an increased Monthly Benefit while a Covered Person is fully participating in a Rehabilitation Program. Lincoln must first approve the Rehabilitation Program in writing before a Covered Person can be considered for this benefit. If Lincoln does not approve a Rehabilitation Program, the regular Disability benefit will be payable provided the Covered Person is Disabled under the terms of this policy. To be eligible for a Rehabilitation Incentive Benefit, the Covered Person must:
>
> 　1. be Disabled and receiving benefits under this policy; and

---

[5]　Complaint at ¶ 19 (ROA.12).
[6]　*Id.*

2. be fully participating in a Rehabilitation Program approved by Lincoln.[7]

Mr. Bruff does not assert that he has submitted a Rehabilitation Program for Lincoln to consider regarding whether he is eligible for the Rehabilitation Incentive Benefit. Accordingly, no claim has been made for such benefit under the Policy. Therefore, there has been no adverse benefit determination, and no trigger to issue an adverse benefit determination under the regulations. 29 C.F.R. § 2560.503-1 (m)(4). Accordingly, based on the face of Bruff's Complaint, Bruff is unable to show that he has a substantial likelihood of success on the merits of his lawsuit.

Bruff has filed a series of unfounded motions in the District Court action, including those that are the subject of this interlocutory appeal. The Orders that Bruff is appealing, along with excerpts from those Orders describing the relief sought, reason for denial, and whether the Order is subject to interlocutory appeal, are as follows:

1. *Order Denying Plaintiff's Motion for Preliminary Injunction (ECF 25)*

> A movant seeking a preliminary injunction must demonstrate a substantial likelihood of success on the merits. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Plaintiff's motion objects to the fact that Lincoln directs Plaintiff to communicate through Lincoln's counsel. Plaintiff also complains that Lincoln has not yet provided a complete claim file as part of its initial discovery disclosures. It is unclear how

---

[7]   Complaint at Exhibit LTDPOL (ROA.345).

these allegations bear on the merits of Plaintiff's claims. He accordingly failed to demonstrate a substantial likelihood of success on the merits.

**2.** *Order Denying Motion for Protective Order (ECF 16)*

Plaintiff's motion objects to the fact that Lincoln directs Plaintiff to communicate through Lincoln's counsel. Plaintiff also complains that Lincoln has not yet provided a complete claim file as part of its initial discovery disclosures. It is unclear how these allegations bear on the merits of Plaintiff's claims. He accordingly failed to demonstrate a substantial likelihood of success on the merits.

**3.** *Order Denying Motion for Corrective Action (ECF 28)*

Plaintiff asks the Court to take corrective action on behalf of a third party whose personal information was allegedly disclosed. Plaintiff has not established the "irreducible constitutional minimum of standing" to seek relief on behalf of the third party. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).

Note: Order based on lack of standing is not subject to interlocutory appeal. *Jackson v. City of Houston,* 143 F.4th 640, 644 (2025).

**4.** *Order Mooting Motion for Clerk's Entry of Default (ECF 34)*

Mooting Motion for Clerk's Entry of Default entered by Judge Xavier Rodriguez. Defendant Lincoln National Life Ins. Co. filed a Motion to Dismiss Plaintiff's Complaint (ECF No. [35]).

Note: Order denying default judgment is not subject to interlocutory appeal. *Adult Film Asso. v. Thetford*, 776 F.2d 113, 114 (1985).

**5.** *Order Denying Motion for Reconsideration (ECF 39);*

Defendant Lincoln National has appeared. Plaintiff is not prejudiced by having to prosecute his case.

Note: Order denying default judgment is not subject to interlocutory appeal. *Adult Film Asso. v. Thetford*, 776 F.2d 113, 114 (1985).

## ARGUMENT

### A.    BRUFF'S "EMERGENCY" MOTION FAILS TO MEET THE REQUIREMENTS OF FRAP 27.3.

Pursuant to FRAP 27.3, Parties should not file motions seeking emergency relief unless there is an emergency sufficient to justify disruption of the normal appellate process. However, Bruff's Motion fails in this regard. Plaintiff can cite no actions that have been taken by Lincoln that adversely affect his receipt of long-term disability ("LTD") benefits from the Plan. In fact, the Complaint was filed in the District Court case on March 13, 2026, and although not properly served, Lincoln became aware of the lawsuit and entered an appearance in the District Court case on April 7, 2026. And despite Bruff's own fears that Lincoln *may* terminate his benefits because Lincoln's claim staff has "litigation awareness," Lincoln has made no such adverse determination and Bruff's LTD claim remains in approved payment status through the date of the filing of this Response. The only action (or inaction) Bruff has cited in his motion, is Lincoln's lack of constant communication to reassure him that his benefits are being continued. It has never been Lincoln's practice to send monthly notices of continuing LTD benefits, and Bruff's LTD claim is no different. However, the mere fact that benefit payments have continued to be received by Bruff, is confirmation that the benefits are continuing. As Bruff's benefits have not been terminated, Bruff can cite no events that would constitute an "emergency" for the relief requested on his Motion.

6

**B.** **THE DISTRICT COURT'S JUNE 2, 2026 ORDERS DENYING BRUFF'S MOTIONS FOR INJUNCTION WERE CORRECT, AND THE CURRENT EMERGENCY MOTION FOR INJUNCTION SHOULD BE DENIED FOR THE SAME REASONS.**

The District Court correctly denied Bruff's Motion for a Preliminary Injunction Pending Appeal (ECF No. 45), citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *accord Sec. & Exch. Comm'n v. Barton*, 79 F.4th 573, 581 (5th Cir. 2023):

> A court may grant an injunction while an appeal is pending from an interlocutory order that refuses an injunction. Fed. R. Civ. P. 62(d). Factors include "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Of the two Orders that may be appealable (ECF 16 and 25), the District Court found that "Both of those orders denied extraordinary relief in the form of preliminary injunctions. Neither of the motions that the orders addressed established a substantial likelihood that Plaintiff's underlying claims would succeed." The Court also found that Bruff's Motion failed to show the likelihood of irreparable injury because he chose to file the litigation, thus creating Lincoln's "litigation awareness." Additionally, the Court made the obvious finding that requiring Lincoln to pay benefits pending the appeal would injure Lincoln and that there was no public interest at issue.

7

The factors that the District Court considered in denying Bruff's Motion are almost identical to the four factors that this Court will use to determine if Bruff's is entitled to an injunction under Fed. R. App. P. 8(a).

> To obtain an injunction pending appeal pursuant to Federal Rule of Appellate Procedure 8(a)(2)(A)(i), Plaintiffs must show (1) a strong likelihood of success on the merits; (2) irreparable injury in the absence of an injunction; (3) that the balance of hardships weighs in their favor if injunctive relief is granted; and (4) that the public interest favors such relief.

*Whole Woman's Health v. Jackson,* 13 F.4th 434, 441 (2021).

Bruff's Motion states that Bruff is seeking an injunction pursuant to Federal Rule of Appellate Procedure 8(a)(2) requiring Lincoln to "maintain the status quo — specifically, to continue paying Plaintiff's long-term disability benefits at the current monthly rate and to provide written confirmation of benefit status — pending resolution of Appeal No. 26-50345." (ECF No. 31, p. 1). However, Bruff's Emergency Motion for Preliminary Injunction fails to demonstrate a substantial likelihood of success on the merits, as required by the first of the *Jackson* factors.

First, the Motion does not reflect that Bruff has made a strong showing of a likelihood of success on the merits, as described above. Second, with regard to irreparable injury to Bruff, "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Spiegel v. City of Houston*, 636 F.2d 997 (5th Cir. 1981). If Bruff's benefit is terminated inconsistent with the provisions of the

Policy, Bruff would be able to pursue a claim for recovery of such benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Moreover, Bruff complains that there has been no written communications to him regarding his benefit status since September 2025. However, Bruff admits that his benefits are in payment status and does not assert in his Motion that termination of his benefits has been threatened. Accordingly, the communication Bruff seeks is implicit in receipt of benefits each month. Of course, if Lincoln finds grounds to terminate those benefits, it will send Bruff an adverse benefit determination, as required by 29 C.F.R. § 2560.503-1 (m)(4). However, such benefits are always subject to the terms of the Policy. "When Lincoln receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires the Regular Attendance of a Physician, Lincoln will pay the Covered Person a Monthly Benefit after the end of the Elimination Period, subject to any other provisions of this policy."[8] This is simply normal administration of Bruff's claim for benefits. Moreover, Bruff has not pointed to any fact or document that reflects that an adverse benefit decision is imminent.

This issue dovetails into the third factor regarding hardships of the parties. If Lincoln is ordered to continue to pay benefits to Bruff until this appeal is concluded, without regard to the Policy provisions, how will Lincoln recover from

---

[8]    Complaint at Exhibit LTDPOL (ROA.341).

Bruff any benefits that should not have been paid? Bruff has made no reference to a bond or other terms that secure Lincoln's rights in his Motion. Lincoln will be irreparably injured if it is required to continue to pay benefits for a claim that should properly be denied, as recovery of any such benefits after they are paid and likely spent would not be possible.[9]

Concerning the fourth factor to consider the public interest, Bruff is asking the Court to prevent Lincoln from complying with its fiduciary duty to administer the plan under the policy for the benefit of all the participants in the plan – not just Bruff.[10] This is not consistent with the public interest or Lincoln's fiduciary duties. The injunction requested by Bruff would prevent Lincoln from administering Bruff's claim in accordance with the terms of the relevant policy, and Bruff cites no legal precedent supporting such preemptive intervention, and none exists. Therefore, the injunction requested by Bruff would not serve the public interest.

Accordingly, Bruff's request for an injunction seeking to have the court intervene in Lincoln's administration and claims decision process should be denied.

---

[9] "All types of equitable liens must be enforced against a specifically identified fund in the defendant's possession," including overpayments of a benefit claim. *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 873-74 (5th Cir. 2018), citing *Montanile v. Board of Trustees*, 577 U.S. 136, 146 (2016).

[10] 29 USC § 1104(a)(1) states that a plan fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and … for the exclusive purpose of providing benefits to participants and their beneficiaries … and … defraying reasonable expenses of administering the plan."

## CONCLUSION

Bruff's Emergency Motion for Preliminary Injunction Pending Appeal has failed to show that he is entitled to the relief he seeks.  Bruff is seeking the same relief that was previously denied when the District Court correctly denied his Motion for Preliminary Injunction Pending Appeal that sought the same relief.  As Bruff has failed to show that he meets the requirements for the relief he requests under Fed. R. App. P. 8(a)(2) under the appropriate legal framework, the Court should deny Bruff's Motion.

## REQUEST FOR RELIEF

For the reasons cited above, Lincoln requests that the Court deny Bruff's Emergency Motion for Injunction Pending Appeal and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 20th day of July 2026.

By:     /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR APPELLEE THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY

## CERTIFICATE OF COMPLIANCE

1.      This Response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this Response contains 5,200 words or fewer, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2003 in 14 point Times New Roman font.

3.      This Response complies with 5th Cir. R. 25.2.1 because this Response has been converted to PDF format (not scanned) by printing to PDF from the original word processing file so that the electronic version of the Response may be searched and copied.

Dated:   July 20, 2026                          /s/ Iwana Rademaekers
                                        Iwana Rademaekers
                                        Attorneys for Appellee, The Lincoln
                                        National Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, I electronically filed the foregoing *Response to Plaintiff-Appellant's Emergency Motion for Injunction Pending Appeal* with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Charles T. Bruff
Email: cbruff13@outlook.com

___July 20, 2026___
Date

___/s/ Iwana Rademaekers___
Iwana Rademaekers
Attorneys for Appellee, The Lincoln National Life Insurance Company