# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**CHARLES TERRENCE BRUFF,**
Plaintiff-Appellant,
v.
**USAA HEALTH AND WELFARE BENEFITS PLAN, USAA EDUCATIONAL ASSISTANCE PLAN, UNITED STATES AUTOMOBILE ASSOCIATION, AND LINCOLN NATIONAL LIFE INSURANCE COMPANY,**
Defendants-Appellees.
**Appeal No. 26-50345**

D.C. Docket No. 5:26-CV-01720-XR (W.D. Tex.)

## PLAINTIFF-APPELLANT'S MOTION FOR LEAVE TO FILE OVERLENGTH REPLY IN SUPPORT OF EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

### CERTIFICATE OF INTERESTED PERSONS

The undersigned certifies that the following persons and entities have an interest in the outcome of this case: (1) Charles Terrence Bruff, Plaintiff-Appellant; (2) USAA Health and Welfare Benefits Plan, Defendant-Appellee; (3) USAA Educational Assistance Plan, Defendant-Appellee; (4) United States Automobile Association, Defendant-Appellee; (5) Lincoln National Life Insurance Company, Defendant-Appellee; (6) Lincoln National Corporation, parent of Lincoln National Life Insurance Company; (7) Law Offices of Iwana Rademaekers, P.C., counsel for Lincoln.

Charles Terrence Bruff
/s Charles Bruff
Plaintiff-Appellant, Pro Se

## MOTION

Plaintiff-Appellant Charles Terrence Bruff, appearing pro se, respectfully moves this Court for leave to file a reply in excess of the 2,600-word limit established by Fed. R. App. P. 27(d)(2)(C). Plaintiff's reply contains approximately 4,755 words. Plaintiff requests leave to file a reply of up to 5,000 words.

**Grounds for this Motion:**

1. **Lincoln's response raises seven distinct arguments** that require individual responses: (a) the FRAP 27.3 emergency standard; (b) the "same relief previously denied" preclusion argument; (c) the governing legal standard under *Hilton* versus *Jackson*; (d) the merits under the four-factor framework; (e) irreparable harm under *Spiegel;* (f) balance of hardships; and (g) public interest. The standard 2,600-word limit is calibrated for replies to straightforward motions. Lincoln's response raises a compound set of legal and factual issues that cannot be adequately addressed in 2,600 words without omitting material arguments.

2. **Lincoln omitted documents from its appellate submission** that are already part of the district court record and that directly contradict Lincoln's factual representations. Plaintiff must identify those documents, explain their significance, and file them as exhibits. That factual development requires additional words beyond what a standard reply anticipates.

2

3. **Lincoln's brief raises threshold procedural arguments** — the FRAP 27.3 emergency standard and the "same relief previously denied" framing — in addition to the four substantive factors. Responding to threshold arguments before addressing the merits requires additional length.

4. **Plaintiff is a pro se litigant with documented disabilities** including Autism Spectrum Disorder, which affects the efficiency of legal writing. Under *Haines v. Kerner,* 404 U.S. 519 (1972), pro se pleadings are held to less stringent standards than those drafted by counsel. The additional length reflects the complexity of the issues, not prolixity.

5. **The additional length serves judicial efficiency**. Lincoln's response leaves multiple independent legal arguments unanswered. Addressing those arguments fully in the reply brief allows this Court to evaluate the motion on a complete record rather than requiring further supplementation.

**Conferral:** Pursuant to Fifth Circuit Rule 27.4, Plaintiff contacted Lincoln's counsel by email on July 20, 2026 to request consent to this motion. Lincoln's counsel did not respond by close of business on July 21, 2026. Plaintiff therefore proceeds without confirmation of Lincoln's position on this motion.

For the foregoing reasons, Plaintiff respectfully requests leave to file a reply of up to 5,000 words.

Respectfully submitted,

Charles Terrence Bruff
/s/ Charles Bruff
Plaintiff-Appellant, Pro Se
Dated: July 21, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, I filed the foregoing with the Clerk of the

United States Court of Appeals for the Fifth Circuit and served a copy on counsel

for Appellees via the Court's electronic filing system.

/s/ Charles Bruff
Charles Terrence Bruff
Plaintiff-Appellant, Pro Se