No. 26-50345

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

———————————

CHARLES TERRENCE BRUFF,

Plaintiff-Appellant,

v.

LINCOLN NATIONAL LIFE INSURANCE COMPANY;

USAA EDUCATIONAL ASSISTANCE PLAN,

Defendants-Appellees.

———————————

On Appeal from the United States District Court

for the Western District of Texas, San Antonio Division

Case No. 5:26-CV-01720-XR

Honorable Xavier Rodriguez, District Judge

———————————

**PLAINTIFF-APPELLANT'S MOTION FOR LEAVE TO SUBMIT EXHIBITS SSDI-CONDUCT AND DISCR-PATTERN FOR JUDICIAL NOTICE UNDER FEDERAL RULE OF EVIDENCE 201(b)(2)**

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Charles Terrence Bruff, Plaintiff-Appellant, Pro Se.

2. Lincoln National Life Insurance Company, Defendant-Appellee.

3. USAA Educational Assistance Plan, Defendant-Appellee.

4. Iwana Rademaekers, counsel for Defendants-Appellees.

5. Lincoln National Corporation, parent company of Lincoln National Life Insurance Company.

**CERTIFICATE OF CONFERENCE (5TH CIR. R. 27.4)**

Pursuant to 5th Cir. R. 27.4, undersigned Plaintiff-Appellant certifies that on August 7, 2026, he notified counsel of record for Defendants-Appellees, Iwana Rademaekers, by email of his intent to file this motion, provided copies of the exhibits and the motion itself, and requested Defendants-Appellees' position by August 11, 2026. On August 8, 2026, counsel for Defendants-Appellees responded that Lincoln opposes the motion, on the grounds that FED. R. APP. P. 28(f) does not apply because the exhibits are not statutes, rules, or regulations, and that 5th Cir. R. 30.1 limits this Court's review to the record on appeal. Plaintiff replied the same day clarifying that the motion's substantive basis is Federal Rule of Evidence

201(b)(2) and 201(d) — not FED. R. APP. P. 28(f) or 5th Cir. R. 25.2.7, which are cited only to explain why leave of Court is required before the exhibits may be attached. Defendants-Appellees confirmed that Lincoln opposes both exhibits.

## INTRODUCTION

Plaintiff-Appellant Charles Terrence Bruff respectfully moves this Court, pursuant to 5th Cir. R. 25.2.7 and Federal Rule of Evidence 201(b)(2), for leave to submit two exhibits — Exhibit SSDI-CONDUCT and Exhibit DISCR-PATTERN — for judicial notice in connection with his Opening Brief. Both exhibits compile adjudicative facts drawn exclusively from public PACER dockets and filed pleadings. Neither exhibit was part of the district court record: both compile cross-circuit research made possible only by the PACER fee exemption this Court granted Plaintiff on appeal, and both postdate the district court proceedings below. Because the exhibits are not part of the record, they cannot appear in Plaintiff's Record Excerpts under 5th Cir. R. 30.1, and because they are not statutes, rules, or regulations, FED. R. APP. P. 28(f) and 5th Cir. R. 25.2.7 require leave of Court before they may be attached to a brief. Plaintiff's Opening Brief cites both exhibits and identifies this motion as the vehicle through which they are submitted.

## BACKGROUND

This Court granted Plaintiff, a pro se disabled litigant, a fee exemption for PACER research in connection with this appeal. That exemption enabled Plaintiff to conduct docket-level research across multiple federal circuits that would not

otherwise have been available to him. The research produced two compilations of adjudicative facts, each drawn exclusively from public PACER dockets and filed pleadings:

Exhibit SSDI-CONDUCT documents a recurring pattern, across twelve cases in seven federal circuits, in which Lincoln National Life Insurance Company directs long-term-disability claimants into Social Security Disability Insurance applications through funded advocates, secures a contractual first lien on the resulting federal award, and in the same claims file denies or terminates the underlying disability benefit — including the AI-driven claim-scoring and settlement-timing tools that Brown & Brown Absence Services Group operates for carrier clients while simultaneously serving as the claimant's SSA-appointed fiduciary representative.

Exhibit DISCR-PATTERN documents a recurring pattern, across eleven cases in five federal circuits spanning May 2018 through May 2026, in which defense counsel Iwana Rademaekers asserted the arbitrary-and-capricious (abuse-of-discretion) standard of review in jurisdictions where a state discretionary-clause ban applied to the policy at issue, without pleading ERISA § 514 preemption of that state prohibition, and (in the Fifth Circuit) where Ariana M was binding authority without citing it.

Plaintiff initially attached both exhibits directly to his Opening Brief. The Clerk's deficiency notice identified this as improper under FED. R. APP. P. 28(f) and 5th Cir. R. 25.2.7, which permit only statutes, rules, and regulations to be attached to a brief without leave of Court. In curing that deficiency, Plaintiff removed the physical attachments from the brief, retained the citations and substantive argument referencing both exhibits, and represented in the corrected brief that both exhibits would instead be submitted through this motion.

## ARGUMENT

### I. The Exhibits Satisfy Federal Rule of Evidence 201(b)(2).

Federal Rule of Evidence 201(b)(2) permits a court to take judicial notice of a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Public federal court dockets and the pleadings filed on them are precisely such sources. Courts, including this one, routinely take judicial notice of the existence and content of filings in other federal proceedings for exactly this reason. See, e.g., Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (judicial notice of matters of public record); Taylor v. Charter Med. Corp., 162 F.3d 827, 830 (5th Cir. 1998) (appellate court may take judicial notice of adjudicative facts not subject to reasonable dispute). Rule 201(d) confirms that such notice may be taken "at any stage of the proceeding," FED. R. EVID. 201(d), including for the first time on appeal, as Taylor itself recognizes. Every entry in Exhibits SSDI-CONDUCT and

DISCR-PATTERN is sourced to a specific PACER docket entry or filed pleading, each independently verifiable and not subject to reasonable dispute as to what was filed, when, and by whom.

**II. The Exhibits Are Directly Relevant to Arguments Preserved in the Opening Brief.**

Exhibit SSDI-CONDUCT bears directly on Plaintiff's 42 U.S.C. § 407 argument in the Opening Brief (Argument II.E) and the Statement of the Case: it shows that the SSDI-coordination sequence at issue in Plaintiff's own claim is not an isolated arrangement but a recurring, institutional practice. Exhibit DISCR-PATTERN bears directly on the standard-of-review arguments in the Opening Brief (Argument I) built on Ariana M. v. Humana Health Plan of Texas, Inc., 884 F.3d 246 (5th Cir. 2018) (en banc): it shows that defense counsel's non-engagement with the governing standard in this case follows an identifiable pattern across other ban-state litigation, rather than an isolated oversight. Both exhibits were cited in the Opening Brief as submitted "for judicial notice" through this motion; granting leave would simply complete the record already referenced there.

Exhibit DISCR-PATTERN's significance is best understood against the correction the Fifth Circuit itself made in Ariana M. There, sitting en banc, this Court overruled twenty-six years of contrary circuit precedent and held: "We overrule Pierre and now hold that Firestone's default de novo standard applies when the denial is based on a factual determination." Ariana M. v. Humana Health Plan of

Tex., Inc., 884 F.3d 246 (5th Cir. 2018) (en banc). Until that decision issued, this Court had, in its own words, "long stood alone" among the circuits in limiting Firestone's de novo standard to legal determinations. Id. Exhibit DISCR-PATTERN documents that, in the eight years since, defense counsel has asserted the very standard Ariana M. overruled in eleven cases across five circuits — without citing Ariana M. and without pleading preemption of the state discretionary-clause bans that independently foreclosed it — and that every prior Fifth Circuit case in that pattern settled or otherwise resolved before any court adjudicated the standard-of-review question. A corrective en banc ruling that is never cited, and whose application is repeatedly avoided through pre-adjudication resolution, does not reach the claimants it was meant to protect. That dynamic, not an isolated pleading oversight confined to this case, is what Exhibit DISCR-PATTERN is offered to show.

This pattern is not occurring in a regulatory vacuum. The Department of Labor's ERISA Advisory Council reported in December 2023 that long-term disability coverage "is often the most frequently litigated ERISA benefit plan issue." Advisory Council on Emp. Welfare & Pension Benefit Plans, U.S. Dep't of Labor, Long-Term Disability Benefits and Mental Health Disparity (Dec. 2023). Plaintiff cited that report in his operative district court complaint, and it was part of what led Plaintiff to research defense counsel's litigation conduct across other cases in

the first place. A standard of review this Court had already foreclosed en banc, maintained case after case without citation or correction, is a contributor to exactly the volume of litigation the Department's own Advisory Council identified as a problem — not a cause separate from it.

Exhibit SSDI-CONDUCT documents a structurally similar dynamic in a different setting, and one with broader implications for proceedings across this Circuit. Brown & Brown's SettlementConnect product — built and operated by Lincoln's own designated SSDI vendor, and running on Plaintiff's file — is designed, in its own carrier-facing description, to identify "precisely the right time" to offer settlement to claimants who have already filed ERISA litigation, timed against the "critical transitions" between the SSDI award, overpayment recovery, and claim settlement. Exhibit SSDI-CONDUCT documents this same collect-and-deny sequence, and the same AI-timed settlement infrastructure, across twelve cases in seven circuits — not an isolated feature of Plaintiff's own claim. The exhibit states the implication directly: this is "a category of ERISA fiduciary where wrongful denial and litigation may be priced as a manageable cost rather than a compliance failure." If settlement can be timed and priced more cheaply than administering a claim correctly in the first place, that would explain years of non-compliance persisting across circuits rather than isolated error, and it raises the same question Exhibit DISCR-PATTERN raises in a different form: whether litigation and

settlement practices are being treated as a substitute for compliance with the standards that govern them, in proceedings before this Court and the district courts of this Circuit.

### III. A Motion for Leave, Supported by Judicial Notice, Is the Appropriate Procedural Vehicle.

Because neither exhibit was part of the district court record, neither belongs in Plaintiff's Record Excerpts under 5th Cir. R. 30.1, which is limited to record materials. Because neither exhibit is a statute, rule, or regulation, neither may be attached to the Opening Brief without leave under FED. R. APP. P. 28(f) and 5th Cir. R. 25.2.7. Defendants-Appellees' opposition does not alter this analysis. Their position — that FED. R. APP. P. 28(f) does not apply and that 5th Cir. R. 30.1 confines this Court's review to the record on appeal — addresses only whether the exhibits qualify as record materials or as statutory reproductions; neither point engages Rule 201(d), which exists precisely because judicially noticed facts are not, and need not be, part of the record below. Rule 30.1 governs the contents of Plaintiff's Record Excerpts; it does not purport to override Rule 201(d)'s independent authorization for judicial notice on appeal, and Defendants-Appellees identify no authority that it does. A motion for leave supported by Federal Rule of Evidence 201(b)(2) is therefore the correct and only available mechanism for placing this material before the Court, and Plaintiff respectfully submits that the standard for judicial notice is met for the reasons stated above.

## IV. This Court's Own Fee Exemption Order Independently Supports Granting Leave

The order this Court entered granting Plaintiff's PACER fee waiver states only that the waiver was granted "for matters relevant to this case only." Doc. 26-1 (June 24, 2026). It does not itself recite a narrower purpose. But the underlying motion, which the order granted without qualification, told this Court exactly what the waiver would be used for. Plaintiff stated that he anticipated arguing "that Lincoln's counsel engaged in bad-faith litigation conduct by systematically applying a superseded regulatory framework across this litigation after multiple notices of the governing law," and that "[d]ocumenting and contextualizing that pattern within the broader body of ERISA litigation in this circuit requires PACER access that Plaintiff cannot afford." Mot. to Waive PACER Access Fees (June 15, 2026). This Court granted that motion in full nine days later.

Exhibit DISCR-PATTERN is the direct product of the research the motion described and this Court authorized. Denying leave to place that research before the Court now would deny Plaintiff the practical benefit of relief this Court has already granted for that express purpose.

Defendants-Appellees did not oppose the fee-waiver motion. Plaintiff served the motion on Lincoln's counsel by email on June 15, 2026, and this Court granted it on June 24, 2026; the record reflects no opposition filed by Defendants-Appellees in the interim. The motion Lincoln did not oppose told this Court that the research

it would fund included "reviewing actual litigation conduct in comparable cases" and "the pattern of how Lincoln's counsel has litigated comparable cases" — research into Lincoln's conduct across multiple proceedings, not a search confined in advance to a single predictable result. Research of that kind carries an obvious risk of turning up more than one pattern. Defendants-Appellees did not seek to narrow the scope of the waiver, did not ask this Court to limit what the research could be used for, and did not oppose the motion at all. Having let that motion go forward unopposed, knowing it authorized broad review of Lincoln's litigation conduct across other cases, Defendants-Appellees are poorly positioned to object now to what that research actually found.

Federal Rule of Appellate Procedure 27(b) gave Defendants-Appellees a specific path to challenge the scope or purpose of the fee-waiver order, and they did not take it. Because a fee waiver is a motion for a procedural order, this Court was authorized to grant it "at any time without awaiting a response." FED. R. APP. P. 27(b). The Rule then identifies the only mechanism by which a party adversely affected by that kind of order may challenge it: such a party "may file a motion to reconsider, vacate, or modify that action." Id. The Rule further makes clear that opposition raised later, in some other filing, does not substitute for that motion: "Timely opposition filed after the motion is granted in whole or in part does not constitute a request to reconsider, vacate, or modify the disposition; a motion

requesting that relief must be filed." Id. Defendants-Appellees never filed a motion to reconsider, vacate, or modify the fee-waiver order. More than seven weeks have passed since the order was entered. Whatever objection Defendants-Appellees might have raised to the purpose or scope of the authorized research, Rule 27(b) gave them the vehicle to raise it, and they did not use it. They cannot use their opposition to this separate motion as a substitute for the reconsideration motion Rule 27(b) required and they never filed. This motion asks only whether Exhibits SSDI-CONDUCT and DISCR-PATTERN satisfy Rule 201(b)(2); it is not the vehicle for relitigating the propriety of research this Court already authorized and Defendants-Appellees never timely challenged.

Exhibit SSDI-CONDUCT stands on different footing. Plaintiff did not anticipate it when he requested the waiver; he encountered it while conducting the DISCR-PATTERN research the motion described, and brings it to the Court's attention because it bears on the § 407 claim already pled in this case and because a pro se litigant who discovers a pattern of this kind in the course of authorized research does not have the option of simply not disclosing it. Plaintiff does not contend the fee-waiver motion specifically anticipated SSDI-CONDUCT; he submits it under Rule 201(b)(2) on the independent footing set out in Argument I above.

**CONCLUSION**

For the foregoing reasons, Exhibit SSDI-CONDUCT and Exhibit DISCR-

PATTERN are the direct product of research this Court's own fee-waiver order

made possible, and Plaintiff-Appellant respectfully requests that this Court:

1. Grant leave to submit Exhibit SSDI-CONDUCT and Exhibit DISCR-

PATTERN, attached hereto, for judicial notice under Federal Rule of Evidence

201(b)(2); or

2. In the alternative, if this Court concludes that Rule 201(b)(2) is not the correct

vehicle for placing this research before it, identify the appropriate mechanism for

doing so, rather than leave the results of research this Court's own order authorized

with no means of reaching the panel.

Respectfully submitted,

Charles Terrence Bruff
4835 Medical Dr. #29643
San Antonio, Texas 78229
(318) 452-8978
cbruff13@outlook.com
Plaintiff-Appellant, Pro Se

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Federal Rule of Appellate

Procedure 27(d)(2)(A) because, excluding the parts exempted by Federal Rule of

Appellate Procedure 32(f), it contains 2,391 words. It has been prepared in Times

New Roman, 14-point proportionally spaced typeface, in compliance with Federal

Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6).

Charles Terrence Bruff

/s/ Charles T Bruff

## CERTIFICATE OF SERVICE

I certify that on the date of filing, a copy of this motion was served on all counsel

of record through the Court's CM/ECF electronic filing system, and by first-class

mail to any counsel not registered for electronic service.

Charles Terrence Bruff

/s/ Charles T Bruff