# Exhibit DISCR-PATTERN

## Cross-Case Pattern — Assertion of Superseded Deferential Standard in Ban-State Jurisdictions Without Pleading ERISA Preemption

This exhibit documents that across eleven cases in five federal circuits spanning May 2018 through May 2026, defense counsel Iwana Rademaekers asserted the arbitrary-and-capricious (abuse of discretion) standard of review in jurisdictions where state discretionary clause bans applied to the policy at issue, without pleading ERISA § 514 preemption of the applicable state prohibition. Each entry is sourced from PACER docket records and filed pleadings. The exhibit is organized as follows: Section 1 sets out the legal framework. Sections 2–3 document the baseline and control cases. Sections 4–6 address each confirmed instance. Section 7 provides the cross-case table. Sections 8–10 address the settlement pattern, how the pattern was identified, and summary findings.

## SECTION 1 — LEGAL FRAMEWORK

JUDICIAL NOTICE: This exhibit is submitted for judicial notice under Federal Rule of Evidence 201(b)(2) of adjudicative facts drawn exclusively from public sources: (1) PACER docket entries and pleadings filed in federal courts across five circuits; (2) the Fifth Circuit's published en banc decision in Ariana M. v. Humana Health Plan of Texas, Inc., 884 F.3d 246 (5th Cir. 2018); and (3) state insurance code provisions and administrative regulations enacted and published by state legislatures and insurance commissioners. The Fifth Circuit granted Plaintiff a PACER fee exemption under 28 U.S.C. § 1913 note—an extraordinary procedural benefit—that made possible the cross-circuit docket research documented in this exhibit. That research identified a consistent pattern across eleven cases filed between May 2018 and May 2026: defense counsel asserted the arbitrary-and-capricious standard of review in jurisdictions where state discretionary clause bans applied to the policy at issue, without citing the controlling authority foreclosing that standard and without pleading ERISA § 514 preemption of the applicable state prohibition. Each case citation, each pleading quote, and each factual representation below is drawn from PACER-accessible public documents whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

Prior to January 1, 2018, ERISA plan administrators whose policies contained discretionary clauses were entitled to deferential arbitrary-and-capricious review in federal court. The 2016 DOL Final Rule (81 Fed. Reg. 92316, effective January 1, 2018) modified this framework by requiring de novo review for disability claims in jurisdictions where state discretionary clause bans applied to the governing policy.

The Fifth Circuit gave direct effect to the 2016 Final Rule in Ariana M. v. Humana Health Plan of Texas, Inc., 884 F.3d 246 (5th Cir. 2018) (en banc), establishing de novo review as the governing standard for Texas disability claims and, by extension, for all claims governed by state discretionary clause bans in the Fifth Circuit. Ariana M. was decided April 2, 2018. To argue for deference in a ban-state Fifth Circuit case after that date, defense counsel must either: (1) identify a viable reason the ban does not apply to the specific policy (pre-ban policy date; choice-of-law clause pointing to a non-ban state); or (2) plead and brief ERISA § 514 preemption of the applicable state prohibition. Ariana M. footnote 2 noted that every court to consider the preemption question had rejected it, making that path substantially foreclosed as well.

The following state bans are applicable to the cases documented in this exhibit:

| State | Citation | Effective Date | Cases in This Exhibit |
|---|---|---|---|
| **Texas** | Tex. Ins. Code § 1701.062 | Sept. 1, 2004 | Cuming (baseline); Rattie; Bruff |
| **Louisiana** | La. Ins. Reg. 121 | March 2011 | Crespo; Olson; Wofford |
| **Iowa** | Iowa Code § 514G.1–.4 | July 1, 2011 | Jergens |
| **Tennessee** | Tenn. Code Ann. § 56-7-2302 | Jan. 1, 2008 | Glasner |
| **Pennsylvania** | 31 Pa. Code § 84d.6 | Jan. 1, 2008 | Marcus (D. Ariz.) |

| State | Citation | Effective Date | Cases in This Exhibit |
|---|---|---|---|
| **Colorado AND Missouri** | Colorado (C.R.S. § 10-3-1116) AND Missouri (20 CSR 400-2.290) | CO: Jan. 1, 2008 MO: June 30, 2013 | Bunch v. Lincoln Life (D. Colo. 1:21-cv-02896) (Nov. 2021) |
| **Wyoming — NO BAN (control)** | None | N/A | Study (D. Wyo.) — deference pled correctly |

## SECTION 2 — THE BASELINE: CUMING v. LIBERTY LIFE (W.D. TEX. 2018)

Cuming v. Liberty Life Assurance Company of Boston, W.D. Tex. 1:18-cv-00320, was filed April 18, 2018 — sixteen days after Ariana M. was decided. In ECF No. 10 (filed October 19, 2018), Rademaekers addressed Ariana M. directly, devoting a section of the brief — titled "Fifth Circuit Decision in Ariana M. v. Humana Health Plan of Texas, Inc." — to the authority. She cited it correctly as 884 F.3d 246 (5th Cir. 2018), described its holding accurately, and advanced three independent counter-arguments: (1) the policy's governing jurisdiction was Minnesota, not Texas; (2) the policy predated both the Texas and Minnesota discretionary clause bans; and (3) the discretionary clause bans are preempted by ERISA § 514. She also attached the pre-en banc Ariana M. district court opinion (2016 WL 690582, S.D. Tex. Feb. 19, 2016) as ECF 10-4. Ariana M. appears eight times in ECF No. 10.

The standard-of-review motion was referred to Magistrate Judge Austin on October 26, 2018. The case settled 77 days later, on January 11, 2019, before any ruling issued. The plaintiff's reply brief (ECF No. 13) documented four counter-arguments Rademaekers advanced against Ariana M. in Cuming. None of those arguments are available in Bruff: Texas is the governing law (not Minnesota); the Bruff policy postdates the Texas ban; and Ariana M. footnote 2 noted that the preemption argument had been rejected by every court to consider it.

Cuming establishes that Rademaekers was aware of Ariana M. from the month it was decided, understood its controlling significance in Fifth Circuit standard-of-review analysis, and knew how to engage it when viable counter-arguments were available. In every subsequent Fifth Circuit ban-state case where no viable counter-argument existed, Ariana M. does not appear.

## SECTION 3 — THE CONTROL CASE: STUDY v. LINCOLN (D. WYO. 2:19-cv-00211, 2019)

Study v. Lincoln (D. Wyo. 2:19-cv-00211, December 2019) is the control case for the preemption issue. Wyoming's Discretionary Clause Prohibition Act, W.S. 26-13-301 to -305 (2009), is limited by its terms to "health care services" — the diagnosis, prevention, treatment, cure, or relief of a health condition — and does not reach LTD/disability-income policies. The abuse-of-discretion standard was therefore available without further argument. In Lincoln's Answer (ECF No. 8), Rademaekers pled two affirmative defenses:

Affirmative Defense 2: "Plaintiff's claim for prejudgment interest under state law is preempted by ERISA."

Affirmative Defense 4: "The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for LTD benefits was an abuse of discretion because the documents governing the Plan contain sufficient discretionary language."

Study demonstrates that Rademaekers was familiar with ERISA § 514 preemption as a litigation tool and deployed it in December 2019 against a state-law prejudgment interest claim in the same answer where she pled a deferential standard of review. In Tennessee (Glasner, April 2021), Iowa (Jergens, May 2018), Louisiana (Crespo, Olson, Wofford), and Texas (Rattie, Bruff), she pled the same deferential standard without invoking ERISA § 514 preemption of the applicable state prohibition.

## SECTION 4 — FIFTH CIRCUIT INSTANCES (Ariana M. Is Directly Controlling)

The following subsections document each confirmed Fifth Circuit instance. In each, Rademaekers asserted the arbitrary-and-capricious standard in a Louisiana or Texas case subject to a state discretionary clause ban, without citing Ariana M. and without pleading ERISA § 514 preemption. Texas Disciplinary Rule 3.03(a)(4) requires a lawyer to disclose directly adverse controlling authority in the controlling jurisdiction known to the lawyer, regardless of whether the lawyer has a counter-argument.

### 4-A. Crespo v. Lincoln (E.D. La., May 2020)

Crespo was filed in the Eastern District of Louisiana (2:20-cv-00791), Fifth Circuit. Louisiana Insurance Regulation 121, effective March 2011, prohibits discretionary clauses in disability policies. The policy at issue postdated the ban. At the time Rademaekers filed the answer asserting the arbitrary-and-capricious standard in May 2020, Ariana M. had been controlling Fifth Circuit law for 26 months.

The answer did not cite Ariana M. Louisiana Regulation 121 was not acknowledged. ERISA § 514 preemption was not pled. The case settled before any court adjudicated the standard-of-review question.

### 4-B. Olson v. Lincoln (W.D. La. 2:21-cv-03980, November 2021) — Judicial Correction

Olson was filed in the Western District of Louisiana, Fifth Circuit, in November 2021. Louisiana Regulation 121 applies. Rademaekers appeared pro hac vice for Lincoln. In Lincoln's Answer (ECF No. 8, filed November 23, 2021), she asserted as Second Affirmative Defense:

"The Policy and plan document(s) at issue vested Lincoln with the sole discretion to make benefit and eligibility determinations under the LTD Plan, and thus, the decision with regard to Plaintiff must be reviewed under the deferential arbitrary and capricious standard of review and Lincoln's determination relative to Plaintiff's claim was not an abuse of discretion and was not arbitrary, capricious, or unreasonable." (ECF No. 8, Second Affirmative Defense.)

Ariana M. was not cited in the Answer. Louisiana Regulation 121 was not acknowledged. In the Rule 26(f) report (ECF No. 13, April 13, 2022), Rademaekers and local counsel maintained that the claims decision was "legally correct, and neither arbitrary nor capricious" under the deferential standard.

Magistrate Judge Kathleen Kay addressed the standard of review in her ERISA Case Order (ECF No. 15, May 3, 2022). Footnote 1 of that order states: "See also Ariana M. v. Humana Health Plan of Texas, Inc., 884 F.3d 246 (5th Cir. 2018) (plan administrator's decision is subject to de novo review where ERISA plan did not delegate discretionary authority to plan administrator, but district court's review still confined to administrative record)." (ECF No. 15, fn. 1.) The correction was entered by the court, not raised by any party. The case settled privately on September 30, 2022, before any merits ruling.

Sixteen months after the Olson correction, Rademaekers filed Wofford v. Lincoln in the Eastern District of Louisiana with the same omission.

### 4-C. Rattie v. Lincoln (W.D. Tex., February 2023)

Rattie was filed in the Western District of Texas, Fifth Circuit, in February 2023. Texas Insurance Code § 1701.062 (effective September 1, 2004) applies. The policy postdated the ban. At the time of filing, Ariana M. had been controlling Fifth Circuit law for five years. The Olson correction had been entered eight months earlier.

The answer asserted the arbitrary-and-capricious standard without citing Ariana M. and without pleading ERISA § 514 preemption of the Texas ban. The case settled without any court adjudication of the standard-of-review question.

### 4-D. Wofford v. Lincoln (E.D. La. 2:23-cv-02110, August 2023)

Wofford was filed in the Eastern District of Louisiana, Fifth Circuit, in August 2023 — sixteen months after the Olson magistrate correction. Louisiana Regulation 121 applies. In Lincoln's Answer (ECF No. 9, filed September 1, 2023), Rademaekers asserted as Second Affirmative Defense that the policy granted Lincoln "sole discretion" and that the standard of review "should be" the deferential arbitrary-and-capricious standard. Ariana M. was not cited in the Answer or in the Joint Status Reports. ERISA § 514 preemption was not pled.

The claimant in Wofford had received a fully favorable SSA disability award. Lincoln acknowledged that award and simultaneously pursued a federal Counterclaim to recover $67,344.00 from the claimant's retroactive Social Security payment. The case was channeled into an early settlement conference. A joint standard-of-review stipulation was obtained from plaintiff's counsel before any court ruled on the applicable standard. The case was dismissed with prejudice on January 18, 2024.

### 4-E. Bruff v. USAA/Lincoln (W.D. Tex. 5:26-cv-01720, May 2026) — This Case

Bruff was filed in the Western District of Texas, Fifth Circuit, in March 2026. Texas Insurance Code § 1701.062 (effective September 1, 2004) applies. The policy postdated the ban. At the time Lincoln's motion to dismiss was filed, Ariana M. had been controlling Fifth Circuit law for over seven years, and the Olson correction had been entered three years earlier while Rademaekers was counsel of record in that case.

In the motion to dismiss (ECF No. 35, ROA.885, filed May 19, 2026), Rademaekers cited Cusson v. Lincoln Life & Annuity Co. of New York, 592 F.3d 215 (2d Cir. 2010) five times as authority for the arbitrary-and-capricious standard. Ariana M. was not cited in the motion to dismiss. Texas Insurance Code § 1701.062 was not acknowledged. ERISA § 514 preemption was not pled.

Bruff differs from the prior instances in this exhibit in one respect: sixteen days before the motion to dismiss, Plaintiff filed Exhibit REG (ECF No. 31-1, ROA.787, filed May 3, 2026), documenting an independent regulatory ground for rejecting the deferential standard — the 2016 DOL Final Rule's deemed-exhaustion provision, 29 C.F.R. § 2560.503-1(l), under which a plan that fails to follow its own claims procedures forfeits deferential review in favor of de novo review. That ground does not depend on Ariana M. or on any state discretionary-clause ban. It was on the record in this case before the motion to dismiss was filed. The motion to dismiss did not address it.

Rademaekers' omission of Ariana M. from the Bruff motion to dismiss is not explained by lack of notice, and it is not explained as a failure to respond to Plaintiff. Plaintiff had not cited Ariana M. anywhere in this case before the motion to dismiss was filed. The disclosure obligation ran the other way: Rademaekers had actual, independent notice of the controlling authority and an affirmative duty to disclose it in her own filing, regardless of anything Plaintiff had or had not yet raised.

Because Plaintiff had not yet raised Ariana M. in this case, Rademaekers' omission of it from the motion to dismiss cannot be characterized as a failure to respond to Plaintiff. It was an independent decision not to disclose controlling authority she already had actual notice of — from her own record as counsel in Olson — in a filing she controlled, before Plaintiff raised the case by name. Of the five instances in this exhibit, Bruff is the clearest example of nondisclosure untethered to anything the opposing party did.

## SECTION 5 — WHY THE OMISSION IN BRUFF WAS NOT INADVERTENT

The following table documents two independent sources establishing that Rademaekers had actual or constructive notice of Ariana M. before Lincoln filed its motion to dismiss in Bruff, plus one independent regulatory ground that required no notice of Ariana M. at all.

| # | Basis | Content |
|---|---|---|
| 1 | Magistrate Kay's Olson Order (May 3, 2022) (ECF No. 15) | Magistrate Judge Kathleen Kay cited Ariana M. by full citation in a sua sponte correction entered in Olson v. Lincoln (W.D. La. 2:21-cv-03980) while Rademaekers was counsel of record in that case. The correction was entered by the court, not raised by any party — establishing actual notice independent of anything filed in Bruff, and predating the Bruff motion to dismiss by three years. |
| 2 | Rademaekers' Practice History | Rademaekers has litigated Texas and Louisiana ban-state ERISA disability defense throughout her career, including in every case documented in this exhibit. This Court's own en banc holding on the controlling standard of review for that exact category of claim is authority a practitioner in this field is charged with knowing. |
| 3 | Exhibit REG (May 3, 2026) (ECF No. 31-1, ROA.787) | Sixteen days before the motion to dismiss, Plaintiff filed a regulatory notice documenting the 2016 DOL Final Rule's deemed-exhaustion provision, 29 C.F.R. § 2560.503-1(l): a plan that fails to follow its own procedures forfeits deferential review in favor of de novo review — a ground independent of Ariana M. and of any state discretionary-clause ban, and on the record in this case before the motion to dismiss. |

## SECTION 6 — OTHER CIRCUIT INSTANCES

The following instances are in circuits where Ariana M. is not controlling. The Fifth Circuit professional responsibility analysis applicable to the Fifth Circuit instances does not extend to these cases in the same form. They are included because in each, Rademaekers asserted the arbitrary-and-capricious standard on a post-ban policy without pleading ERISA § 514 preemption of the applicable state prohibition — the same structural conduct documented in the Fifth Circuit instances. Study (D. Wyo. 2019) demonstrates that preemption was available as a litigation tool and was not used in these cases.

### 6-A. Glasner v. Lincoln (E.D. Tenn., April 2021) — Tennessee Ban (Sixth Circuit)

Glasner was filed in the Eastern District of Tennessee. Tennessee enacted its discretionary clause ban effective January 1, 2008 (Tenn. Code Ann. § 56-7-2302). Rademaekers filed Lincoln's Answer asserting the arbitrary-and-capricious standard in April 2021. The policy postdated the Tennessee ban. ERISA § 514 preemption of the Tennessee ban was not pled in the Answer. The administrative record in Glasner totaled 633 pages for an 11-month claim. The case settled without any court adjudication of the standard-of-review question.

### 6-B. Jergens v. Liberty Life (S.D. Iowa, May 2018) — Iowa Ban (Eighth Circuit)

Jergens was filed in the Southern District of Iowa on May 3, 2018 — thirty-one days after Ariana M. was decided. Iowa banned discretionary clauses effective July 1, 2011 (Iowa Code § 514G.1–.4). The policy's effective date was January 1, 2015 — postdating the Iowa ban by nearly four years. The policy contained explicit discretionary language: "Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding." (ECF No. 9, Answer, Affirmative Defense 3; policy text at ECF 12-1.) Iowa Code § 514G.1–.4 rendered that clause void as of July 1, 2011.

Rademaekers' Answer (ECF No. 9) asserted: "[The] standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard." ERISA § 514 preemption of the Iowa ban was not pled. The case settled one day before Rademaekers' merits brief was due.

### 6-C. Marcus v. Lincoln (D. Ariz. 2:24-cv-00228-ROS, June 2025) — Pennsylvania Ban (Ninth Circuit)

Marcus v. Lincoln (D. Ariz.) is the most recent confirmed instance. The policy was Pennsylvania-governed, effective January 1, 2016. Pennsylvania enacted a discretionary clause ban effective January 1, 2008 (31 Pa. Code § 84d.6). The policy postdated the ban by eight years. The discretionary clause was confirmed from policy text at Lincoln/Marcus 0040 (ECF No. 21-1, p. 40): "Liberty shall possess the authority to construe the terms of this policy and to determine benefit eligibility hereunder."

In Rademaekers' merits brief (ECF No. 26, June 2025), Section II is headed "STANDARD OF REVIEW – ARBITRARY AND CAPRICIOUS." Footnote 69 states: "Marcus does not dispute that the Policy contains discretionary language. The Policy specifically states, 'Liberty shall possess the authority to construe the terms of this policy and to determine benefit eligibility hereunder.'" The Pennsylvania ban was not cited. ERISA § 514 preemption of the Pennsylvania ban was not pled in the answer or merits brief. Plaintiff's counsel did not raise the ban, and the case proceeded under the arbitrary-and-capricious standard. The case remains pending as of the date of this exhibit.

### 6-D. Bunch v. Lincoln Life Assurance Co. (D. Colo. 1:21-cv-02896, November 2021) — Tenth Circuit — Dual-Ban Instance

Bunch is the only confirmed instance in this exhibit governed simultaneously by two independent state discretionary clause bans. The claimant resided and worked in Colorado, making Colorado Revised Statutes § 10-3-1116 applicable to the claim administration. The master group policy was issued to Charter Communications, LLC, headquartered in St. Louis, Missouri, and the policy expressly designated Missouri as the governing jurisdiction. Missouri Code of State Regulations 20 CSR 400-2.290 — effective June 30, 2013 — prohibits discretionary clauses in all policies delivered or renewed in Missouri after that date. The policy was effective January 1, 2017, postdating the Missouri ban by more than three years. Both bans independently void the discretionary clause. Either one independently forecloses the arbitrary-and-capricious standard.

In Defendant's Answer (ECF Doc. 5, filed November 24, 2021), Rademaekers asserted as Affirmative Defense 3: "The standard of review by the District Court in this case should be whether Lincoln's decision was arbitrary and capricious, because the Policy and relevant plan documents contain sufficient discretionary language to invoke this standard." (ECF Doc. 5, Page 6.) The discretionary clause she relied upon reads: "Liberty shall possess the discretionary authority to construe the terms of this policy and to determine benefit eligibility hereunder." (Lincoln/Bunch 0041.) Neither Colorado R.S. § 10-3-1116 nor Missouri 20 CSR 400-2.290 was cited. ERISA § 514 preemption of either ban was not pled. Ariana M. does not apply in the Tenth Circuit; the professional responsibility issue is the omission of the preemption argument she demonstrably knew from Study (D. Wyo. 2019, same circuit), where she pled ERISA preemption of a state-law prejudgment interest claim in the same answer.

The case was scheduled for merits briefing in summer 2022. The parties filed a Joint Stipulation for Dismissal with Prejudice on July 11, 2022 (ECF Doc. 18) before any brief was filed on the standard-of-review question. As in every other ban-state instance in this exhibit, the standard-of-review question was never adjudicated on the merits.

## SECTION 7 — CROSS-CASE PATTERN TABLE

| Case | Court / Circuit | State Ban | Ban Effective | Policy Date | Deference Pled | Preemption Pled | Ariana M. Cited | SOR Outcome |
|---|---|---|---|---|---|---|---|---|
| **FIFTH CIRCUIT — Ariana M. Is** | | | | | | | | |

| Case | Court / Circuit | State Ban | Ban Effective | Policy Date | Deference Pled | Preemption Pled | Ariana M. Cited | SOR Outcome |
|---|---|---|---|---|---|---|---|---|
| **Directly Controlling** | | | | | | | | |
| Cuming v. Liberty Life 1:18-cv-00320 (Oct. 2018) [BASELINE] | W.D. Tex. 5th Cir. | Texas (§ 1701.062) | Sept. 1, 2004 | Pre-2004 (counter-args. available) | **YES** | **YES** | **YES — 8 times** | Unresolved — settled 77 days post-referral |
| Crespo v. Lincoln 2:20-cv-00791 (May 2020) | E.D. La. 5th Cir. | Louisiana (Reg. 121) | Mar. 2011 | Post-ban | **YES** | **NO** | **NO** | Unresolved — settled |
| Olson v. Lincoln 2:21-cv-03980 (Nov. 2021) | W.D. La. 5th Cir. | Louisiana (Reg. 121) | Mar. 2011 | Post-ban | **YES** | **NO** | **NO** | **SUA SPONTE CORRECTION by Magistrate Kay (ECF 15, May 3, 2022)** |
| Rattie v. Lincoln (Feb. 2023) | W.D. Tex. 5th Cir. | Texas (§ 1701.062) | Sept. 1, 2004 | Post-ban | **YES** | **NO** | **NO** | Unresolved — settled |
| Wofford v. Lincoln 2:23-cv-02110 (Aug. 2023) | E.D. La. 5th Cir. | Louisiana (Reg. 121) | Mar. 2011 | Post-ban | **YES** | **NO** | **NO** | Unresolved — settled Jan. 2024 |
| Bruff v. USAA/Lincoln 5:26-cv-01720 (May 2026) [THIS CASE] | W.D. Tex. 5th Cir. | Texas (§ 1701.062) | Sept. 1, 2004 | Post-ban After 2 written notices | **YES (via Cusson)** | **NO** | **NO (Cusson substituted)** | On appeal No. 26-50345 |
| **CONTROL — No Ban State** | | | | | | | | |
| Study v. Lincoln 2:19-cv-00211 (Dec. 2019) [CONTROL] | D. Wyo. 10th Cir. | **NONE (Wyo. ban inapplicable to LTD)** | N/A | N/A | **YES (correct)** | **YES — vs. prejudgment interest** | N/A (10th Cir.) | Not contested—no ban applicable |
| **OTHER CIRCUITS — Ariana M. Not Controlling; State Bans Applied** | | | | | | | | |
| Glasner v. Lincoln (Apr. 2021) | E.D. Tenn. 6th Cir. | Tennessee (§ 56-7-2302) | Jan. 1, 2008 | Post-ban | **YES** | **NO** | N/A (6th Cir.) | Unresolved — settled |
| Jergens v. Liberty Life (May 2018) | S.D. Iowa 8th Cir. | Iowa (§ 514G.1–.4) | July 1, 2011 | Post-ban (2015 policy) | **YES** | **NO** | N/A (8th Cir.) | Unresolved — settled 1 day before brief due |
| Marcus v. Lincoln (June 2025) | D. Ariz. 9th Cir. | Pennsylvania (31 Pa. Code § 84d.6) | Jan. 1, 2008 | Post-ban (2016 policy) | **YES (merits brief)** | **NO** | N/A (9th Cir.) | Pending — both parties litigated under wrong standard |
| Bunch v. Lincoln Life 1:21-cv-02896 (Nov. 2021) | D. Colo. 10th Cir. | Colorado (§ 10-3-1116) AND Missouri (20 CSR 400-2.290) | CO: Jan. 1, 2008 MO: June 30, 2013 | Post-ban | **YES** | **NO** | N/A (10th Cir.) | Unresolved — settled (Joint Stip. of Dismissal, July 11, 2022) |

## SECTION 8 — THE SETTLEMENT PATTERN

In every ban-state case documented in this exhibit, the standard-of-review question was resolved by settlement or remained unresolved before any court adjudicated it on the merits. The single exception — Olson — produced a sua sponte correction in a procedural case-management order, not a merits ruling.

Several of the cases in this exhibit settled at or near a merits briefing deadline. Jergens settled one day before Rademaekers' merits brief was due. In Cuming, the case settled 77 days after the standard-of-review motion was referred to the magistrate, before the magistrate ruled. In Wofford, the parties were directed to an early settlement conference and the case was dismissed with prejudice before any court evaluated the applicable standard.

In each instance where the deferential standard was asserted on a post-ban policy without a viable counter-argument, the opposing party was required to respond to a standard-of-review position that had no non-frivolous basis in law in the applicable jurisdiction. The Bruff record documents this dynamic in detail: Plaintiff, a pro se litigant, was required to brief the Fifth Circuit standard-of-review framework in opposition to a Motion to Dismiss that cited an inapplicable Second Circuit case from 2010 while omitting the directly controlling en banc Fifth Circuit authority from 2018.

## SECTION 9 — HOW THIS PATTERN WAS IDENTIFIED

The cross-case pattern documented in this exhibit was identified by Plaintiff — a pro se litigant — through PACER docket research conducted after observing the standard-of-review conduct in this case. The Fifth Circuit granted Plaintiff a PACER fee exemption under 28 U.S.C. § 1913 note. Plaintiff is grateful for that exemption. Without it, the docket-level research necessary to identify the cross-case pattern would not have been feasible.

The research cost approximately $1,000 in PACER fees before the exemption was applied. That figure is modest relative to the cost of represented litigation, but it is not a cost that a typical plaintiff's attorney operating under contingency or limited-fee arrangements would incur to investigate opposing counsel's standard-of-review practice across a dozen unrelated cases in multiple circuits. ERISA disability plaintiffs are by definition individuals who have lost income due to disability; their counsel operate under significant cost pressure. ERISA defense work in this area is handled by specialized repeat-player firms with institutional knowledge of their own prior filings. The asymmetry is structural.

Plaintiff identified the pattern based on conduct observed in this case — specifically, the substitution of Cusson for Ariana M. in Lincoln's Motion to Dismiss after independent written notice, including a sua sponte judicial correction in a separate case — and then investigated whether similar conduct had appeared in other cases. The cases documented in this exhibit were located through PACER searches on counsel's name and Lincoln's entity names across federal dockets. The exhibit presents only what the public docket records show.

## SECTION 10 — SUMMARY

| Metric | Finding |
|---|---|
| **Time span** | May 2018 (Jergens) through May 2026 (Bruff) — eight years |
| **Confirmed ban-state instances** | Nine confirmed: Crespo, Olson, Rattie, Wofford, Bruff (Fifth Circuit); Bunch (Tenth Circuit — dual-ban CO + MO); Glasner, Jergens, Marcus (other circuits) |
| **Circuits** | Fifth (5); Sixth (1); Eighth (1); Ninth (1); Tenth (1, Bunch — dual-ban Colorado + Missouri). Control case also in Tenth (Study). |
| **ERISA § 514 preemption pled against any state ban** | **Zero — in no ban-state instance did the Answer or merits brief plead ERISA § 514 preemption of the applicable state discretionary clause prohibition.** |
| **Ariana M. cited in Fifth Circuit ban-state filing** | **Zero — cited eight times in Cuming (2018), where counter-arguments existed and the case settled 77 days after referral without a ruling; not cited in any subsequent Fifth Circuit ban-state filing.** |

| Metric | Finding |
|---|---|
| **Judicial corrections** | One sua sponte correction: Olson, Magistrate Judge Kathleen Kay, May 3, 2022 (ECF No. 15). The pattern continued in Wofford, filed sixteen months later in the same circuit. |
| Notice/basis predating Bruff MTD | Two independent sources of actual/constructive notice of Ariana M.: (1) Magistrate Kay's sua sponte Olson correction while Rademaekers was counsel of record in that case (2022); (2) Rademaekers' own career-long ban-state ERISA defense practice. Plus one independent regulatory ground requiring no notice of Ariana M. at all: (3) Exhibit REG's DOL deemed-exhaustion argument, filed 16 days before the MTD. |
| **Standard-of-review question adjudicated on merits** | Zero. Every ban-state case settled or remained unresolved before any court reached the merits of the standard-of-review question. |
| **Applicable professional responsibility rule** | Texas Disciplinary Rule 3.03(a)(4): a lawyer shall not fail to disclose to the tribunal directly adverse controlling authority in the controlling jurisdiction known to the lawyer and not disclosed by opposing counsel. The obligation applies regardless of whether the disclosing attorney has a counter-argument. |

## APPELLATE CONTEXT — RELEVANCE TO THIS APPEAL

The standard-of-review question was never adjudicated by the district court. Lincoln's Motion to Dismiss (ECF No. 35) asserted the arbitrary-and-capricious standard through Cusson v. Lincoln Life & Annuity Co. of New York, 592 F.3d 215 (2d Cir. 2010), without citing Ariana M. v. Humana Health Plan of Texas, Inc., 884 F.3d 246 (5th Cir. 2018) (en banc). The motion was never briefed to completion and was not ruled upon. The case proceeded to the Fifth Circuit on interlocutory appeal before the standard-of-review issue was reached on the merits.

Every prior Fifth Circuit ban-state case documented in this exhibit — Crespo, Olson, Rattie, Wofford — settled or resolved before any court adjudicated the standard-of-review question against Lincoln on the merits. The Olson correction was entered by a magistrate in a case-management order, not in a merits ruling. If the Fifth Circuit does not reverse, Lincoln will have successfully imposed the wrong standard of review in a Texas disability case — for the sixth time in the Fifth Circuit — without a single court ever reaching the question on the merits against it. Bruff is now in the same trajectory as every prior case in this exhibit. The difference is that the Fifth Circuit has the record of that trajectory in front of it.

Charles Terrence Bruff
Plaintiff-Appellant, Pro Se
Bruff v. USAA et al., No. 26-50345 (5th Cir.)