**NO. 26-50345**

---

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**CHARLES BRUFF,**

**Plaintiff-Appellant,**

**vs.**

**USAA HEALTH AND WELFARE BENEFITS PLAN, USAA EDUCATIONAL ASSISTANCE PLAN, UNITED STATES AUTOMOBILE ASSOCIATION, AND LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendants-Appellees.**

---

**On Appeal from the United States District Court**
**For the Western District of Texas**
**C.A. No. 5:26-CV-01720**

---

# THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO SUBMIT EXHIBITS SSDI-CONDUCT AND DISCR-PATTERN FOR JUDICIAL NOTICE UNDER FEDERAL RULE OF EVIDENCE 201(b)(2)

---

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR APPELLEE THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Plaintiff-Appellant, Charles Bruff
2. Defendant-Appellee, The Lincoln National Life Insurance Company
3. Lincoln National Corporation, parent corporation of Defendant-Appellee
4. Law Offices of Iwana Rademaekers, P.C.
5. Defendant, United States Automobile Association

Dated: August 19, 2026

/s/ Iwana Rademaekers
IWANA RADEMAEKERS
Attorneys for Appellee, The Lincoln National Life Insurance Company

## PROCEDURAL BACKGROUND

The above-styled action pertains to the claim submitted by Plaintiff-Appellant Charles Bruff ("Bruff") for benefits from the USAA Health and Welfare Benefits Plan (the "Plan") under the Group Disability Insurance Policy[1] (the "Policy") issued by Defendant-Appellee The Lincoln National Life Insurance Company ("Lincoln") to USAA Employee Benefit. Bruff's claim was approved by Lincoln and continues in payment status to the present date.[2] Bruff's Complaint filed in the District Court, Civil Action No. 5:26-CV-01720 (the "District Court case") seeks relief from all Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"),[3] under 29 U.S.C. § 1132(a)(1) and 29 U.S.C. § 1132(a)(3).

Although it is somewhat unclear what relief Bruff seeks from Lincoln in the District Court case, the allegations against Lincoln in the Complaint appear to stem from Bruff's communications with Lincoln's claims department regarding access to his claim file.[4] However, there has been no adverse determination regarding Bruff's long-term disability ("LTD") benefit from the Plan under the Policy that would have triggered a requirement under 29 C.F.R. § 2560.503-1(h)(2)(iii) that

[1] Complaint at Exhibit LTDPOL (ROA.317-369).
[2] Complaint at ¶¶ 7-11 (ROA.10).
[3] Complaint at ¶ 1 (ROA.9).
[4] Complaint at ¶¶ 25 and 27 (ROA.14).

the claim file must be provided to Bruff. Nevertheless, as Bruff has now filed a lawsuit and the claim file and resulting administrative record would be relevant to Bruff's claims, Lincoln's counsel provided Bruff with a full copy of the claim file and the relevant policy on April 12, 2026, which effectively moots this claim by Bruff against Lincoln.

In his second set of allegations against Lincoln in the Complaint, Bruff argues that Lincoln has "denied vocational rehabilitation services without a formal denial letter . . . ."[5] However, as Bruff states in the Complaint, "vocational rehabilitation is not defined in the [Policy]."[6] That is because "vocational rehabilitation" or vocational services is not a benefit under the Policy. It appears that Bruff has confused the Rehabilitation Incentive Benefit in the Policy with vocational services that Lincoln may make available to claimants in certain instances, which are not a Policy benefit. Specifically, the Rehabilitation Incentive Benefit provides:

> Lincoln will pay an increased Monthly Benefit while a Covered Person is fully participating in a Rehabilitation Program. Lincoln must first approve the Rehabilitation Program in writing before a Covered Person can be considered for this benefit. If Lincoln does not approve a Rehabilitation Program, the regular Disability benefit will be payable provided the Covered Person is Disabled under the terms of this policy. To be eligible for a Rehabilitation Incentive Benefit, the Covered Person must:

[5] Complaint at ¶ 19 (ROA.12).
[6] *Id.*

> 1. be Disabled and receiving benefits under this policy; and
>
> 2. be fully participating in a Rehabilitation Program approved by Lincoln.[7]

Bruff does not assert in the Complaint that he has submitted a Rehabilitation Program for Lincoln to consider regarding whether he is eligible for the Rehabilitation Incentive Benefit. Accordingly, no claim has been made for such benefit under the Policy. Therefore, there has been no adverse benefit determination, and no trigger to issue an adverse benefit determination under the regulations. 29 C.F.R. § 2560.503-1(m)(4).

Bruff has filed a series of unfounded and irrelevant motions in the District Court case, including motions that were denied and are the subject of Bruff's interlocutory appeal. The Court's summary of the motions and its orders, along with Lincoln's position regarding whether the particular order is subject to interlocutory appeal, are as follows:

***1.*** *Order Denying (April 22, 2026, Text Order) Plaintiff's Motion for Preliminary Injunction (ECF 25)*

> Text Order DENYING [25] Motion for a Preliminary Injunction entered by Judge Xavier Rodriguez. A movant seeking a preliminary injunction must demonstrate a substantial likelihood of success on the merits. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Bruff's motion objects to the fact that Lincoln directs Bruff to communicate through Lincoln's counsel. Bruff also complains that Lincoln has not yet provided a complete claim file as part of its initial discovery disclosures. It is unclear how these allegations bear on the merits of Bruff's claims. He

[7] Complaint at Exhibit LTDPOL (ROA.345).

accordingly failed to demonstrate a substantial likelihood of success on the merits.

Note: Bruff received a copy of his claim file and the relevant policy on April 12, 2026, so this portion of Bruff's Motion is moot. Generally, orders on preliminary injunctions are generally appealable. 28 USCS § 1292 (a)(1).

***2.*** *Order Denying (April 16, 2026, Text Order) Motion for Protective Order (ECF 16).*

Text Order DENYING [16] Motion for Protective Order entered by Judge Xavier Rodriguez. Plaintiff seeks an order prohibiting Defendant Lincoln's claims administration personnel from communicating with Lincoln's counsel. He also asks the Court to prohibit Lincoln from accessing the records it has pertaining to Plaintiff "unless produced through formal discovery." ECF No. 16 at 14. "An injunctive order is an extraordinary writ, enforceable by the power of contempt." Gunn v. Univ. Comm. to End War, 399 U.S. 383, 389 (1970). Plaintiff has established neither the necessity of such extraordinary relief here nor the Court's authority to impose it in this form. Besides, it is unclear how Lincoln can produce records through formal discovery if Lincoln is unable to access them.

Note: It is Lincoln's position that this Order does not meet the criteria for an immediate appeal. [8]

***3.*** *Order Denying (May 4, 2026, Text Order) Motion for Corrective Action (ECF 28)*

Text order DENYING [28] Motion for Corrective Action entered by Judge Xavier Rodriguez. Plaintiff asks the Court to take corrective

[8] Under that construction, we have jurisdiction over "'a narrow class of decisions . . .' immediately appealable as collateral orders even if no final judgment has been rendered." Orders are immediately appealable under this rule only if they "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) [are] effectively unreviewable on appeal." "[T]he decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *La Union del Pueblo Entero v. Abbott*, 68 F.4th 228, 232 (2023) (citations omitted).

action on behalf of a third party whose personal information was allegedly disclosed. Plaintiff has not established the "irreducible constitutional minimum of standing" to seek relief on behalf of the third party. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Note: Order based on lack of standing is not subject to interlocutory appeal. *Jackson v. City of Houston,* 143 F.4th 640, 644 (2025).

***4.*** *Order Mooting (May 19, 2026, Text Order) Motion for Clerk's Entry of Default (ECF 34)*

Text Order MOOTING Motion for Clerk's Entry of Default entered by Judge Xavier Rodriguez. Defendant Lincoln National Life Ins. Co. filed a Motion to Dismiss Plaintiff's Complaint (ECF No. [35]).

Note: Order denying default judgment is not subject to interlocutory appeal. *Adult Film Ass'n. v. Thetford*, 776 F.2d 113, 114 (1985).

***5.*** *Order Denying (May 20, 2026, Text Order) Motion for Reconsideration (ECF 39)*

Text Order DENYING [39] Motion for Reconsideration entered by Judge Xavier Rodriguez. Defendant Lincoln National has appeared. Plaintiff is not prejudiced by having to prosecute his case.

Note: Order denying default judgment is not subject to interlocutory appeal. *Adult Film Ass'n. v. Thetford*, 776 F.2d 113, 114 (1985).

## ARGUMENT

### A. THE EXHIBITS BRUFF SEEKS LEAVE TO SUBMIT FAIL TO MEET THE REQUIREMENTS OF 5TH CIR. R. 25.2.7.

Pursuant to 5th Cir. R. 25.2.7, "A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are directly germane to the matter under consideration by the court. Excerpted material must be clearly and prominently identified as such." However, Bruff's Motion fails in this

regard. While the exhibits Bruff seeks leave to submit may be directly germane to the arguments he is presenting to this District Court in the underlying case, neither those arguments nor the related proposed exhibits have anything to do with the Orders that are the subject of this Appeals Court case. Therefore, they are not "directly germane to the matter under consideration by the court." Bruff's proposed exhibit contains arguments and his personal opinions regarding a Motion to Dismiss that was filed by Lincoln in the District Court case. However, as Bruff filed an appeal to this Court pertaining to other orders entered in the District Court case (none of which had anything to do with the Motion to Dismiss referenced in the proposed exhibit), the District Court case was stayed (ECF 45), and no arguments or rulings have been made on the Motion to Dismiss. As such, this content within the proposed exhibit is not "directly germane to the matter under consideration by the court."

### B. THE EXHIBITS BRUFF SEEKS LEAVE TO SUBMIT FAIL TO SATISFY FEDERAL RULE OF EVIDENCE 201(B)(2).

As stated in Bruff's Motion, Federal Rule of Evidence 201(b)(2) permits a court to take judicial notice of a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." However, the exhibits Bruff seeks permission to file fail to meet this requirement, as the exhibits are merely a compilation of Bruff's research regarding prior litigation pertaining to Lincoln and pleadings

submitted by the undersigned in various cases. While these proposed exhibits do contain citations to actual court cases, the proposed exhibits are not documents that were obtained through PACER as alluded to in Bruff's Motion, but rather the exhibits are full of Bruff's arguments and personal opinions as to what the cited cases "demonstrate" based on his research. In other words, the "exhibits" Bruff seeks permission to submit are tantamount to a brief in and of themselves, rather than merely evidence of facts "not subject to reasonable dispute." To the contrary, the personal opinions and conclusions made by Bruff throughout these "exhibits" are highly disputed by Lincoln and the undersigned.

Furthermore, while the court case citations contained within the proposed exhibits, "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the opinions and conclusions made by Bruff throughout these "exhibits" are questionable and cannot be "accurately and readily determined."

Accordingly, Bruff's request for leave to submit those additional exhibits should be denied.

## CONCLUSION

Bruff's Motion for Leave to Submit Exhibits SSDI-Conduct and Discr-Pattern for Judicial Notice Under Federal Rule of Evidence 201(b)(2) has failed to show that he is entitled to the relief he seeks in the Motion. Bruff is seeking leave

to file exhibits that have absolutely nothing to do with the subject of the Orders he is appealing, and the Court should deny Bruff's Motion.

## REQUEST FOR RELIEF

For the reasons cited above, Lincoln requests that the Court deny Bruff's Motion for Leave to Submit Exhibits SSDI-Conduct and Discr-Pattern for Judicial Notice Under Federal Rule of Evidence 201(b)(2) and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 19th day of August 2026.

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR APPELLEE THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF COMPLIANCE

1. This Response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this Response contains 5,200 words or fewer, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This Response complies with the typeface requirements of Fed. R.

App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2003 in 14 point Times New Roman font.

3. This Response complies with 5th Cir. R. 25.2.1 because this Response has been converted to PDF format (not scanned) by printing to PDF from the original word processing file so that the electronic version of the Response may be searched and copied.

Dated: August 19, 2026

/s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Appellee, The Lincoln National Life Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, I electronically filed the foregoing *Response to Plaintiff-Appellant's Motion for Leave to Submit Exhibits SSDI-Conduct and Discr-Pattern for Judicial Notice Under Federal Rule of Evidence 201(b)(2)* with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Charles T. Bruff
Email: cbruff13@outlook.com

August 19, 2026
Date

/s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Appellee, The

Lincoln National Life Insurance
Company