NO. 26-50345

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CHARLES BRUFF,
Plaintiff-Appellant,

v.

USAA HEALTH AND WELFARE BENEFITS PLAN, USAA EDUCATIONAL ASSISTANCE PLAN,
UNITED STATES AUTOMOBILE ASSOCIATION, AND LINCOLN NATIONAL LIFE INSURANCE COMPANY,
Defendants-Appellees.

On Appeal from the United States District Court
for the Western District of Texas
C.A. No. 5:26-CV-01720

# APPELLANT'S MOTION FOR LEAVE TO FILE NOTICE OF POST-BRIEFING CONDUCT

## CERTIFICATE OF INTERESTED PERSONS

The undersigned certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Charles Terrence Bruff, Plaintiff-Appellant, Pro Se.

2. Lincoln National Life Insurance Company, Defendant-Appellee.

3. USAA Educational Assistance Plan, Defendant-Appellee.

4. Iwana Rademaekers, counsel for Defendants-Appellees.

5. Lincoln National Corporation, parent company of Lincoln National Life Insurance Company.

## INTRODUCTION

Plaintiff-Appellant Charles Bruff, proceeding pro se, respectfully moves this Court for leave to file the attached Notice of Post-Briefing Conduct, informing the Court of conduct by Defendant-Appellee Lincoln National Life Insurance Company ("Lincoln") that occurred after briefing closed on Appellant's Motion for Leave to Submit Exhibits SSDI-CONDUCT and DISCR-PATTERN for Judicial Notice. Appellant does not ask the Court to resolve any dispute over the Rehabilitation Incentive Benefit, and does not ask the Court to expand the record on appeal. Appellant seeks only leave to place the attached notice on the docket.

## GROUNDS FOR LEAVE

On August 24, 2026, Lincoln's litigation counsel, Iwana Rademaekers, sent Appellant an email instructing him to submit a "Rehabilitation Program" to his claims representative, Kristianne Corporan, to be considered for the Rehabilitation Incentive Benefit under the Policy. Ms. Rademaekers stated she was sending this instruction "due to statements in your recent filings and emails" — indicating that she was most likely responding to Appellant's July 19, 2026 email to Ms. Corporan and to Appellant's own filings in this appeal. Appellant does not object to Lincoln responding to those filings. Appellant's objection is to when that response came.

Ms. Rademaekers did not send it promptly after the July 19th email was sent made; she waited until:

• After Appellant's opening brief, filed August 3, 2026, and refiled in corrected form on August 10, 2026;

• After Lincoln's response to Appellant's Motion for Leave to Submit Exhibits SSDI-CONDUCT and DISCR-PATTERN, filed August 19, 2026 (Doc. 57), which renewed Lincoln's argument that Appellant never submitted a Rehabilitation Program; and

• One day after Appellant's reply in support of that same motion, filed August 23, 2026.

That delay is the basis for this motion. Had Appellant known before his opening brief was filed that Lincoln's litigation counsel intended to require him to originate and submit an entirely new vocational rehabilitation process — one no claims representative had ever described to him before — in the middle of this appeal, Appellant's opening brief would have addressed it. Instead, the instruction arrived only after the opening brief was locked in and after the reply on the Motion for Leave to Submit Exhibits had already been filed, leaving Appellant no filing already before the Court in which to raise it.

Appellant, proceeding without counsel, is also uncertain whether a reply brief on the merits would even be the correct vehicle to raise this development, or when that opportunity would arise. A reply brief responds to arguments Lincoln makes in its response brief on the merits, which has not yet been filed; Appellant does not know whether Lincoln will raise this subject there, and a reply brief may not be the proper place to introduce a factual development extrinsic to the existing record even if it does. By contrast, Appellant's Motion for Leave to Submit Exhibits SSDI-CONDUCT and DISCR-PATTERN has been fully briefed since Appellant's reply in support of that motion was filed on August 23, 2026, and Lincoln's opposition to that motion (Doc. 57) is where Lincoln most recently renewed the very argument — that Appellant never submitted a Rehabilitation Program — to which Ms. Rademaekers' August 24, 2026 email directly relates. That motion is ripe for decision and may be decided by the panel at any time.

Appellant also notes a separate source of uncertainty about how to characterize this development at all — not just when Ms. Rademaekers' email came, but how it came. Ms. Rademaekers stated in her August 24, 2026 email that she was providing her instruction "due to statements in your recent filings and emails." She did not bring that response to this Court. She did not file anything with the Court referencing those filings, move for any relief connected to them, or seek to reopen or supplement the record. Instead, she responded to Appellant's filings with this

Court by sending Appellant, directly and outside the court process, an instruction to initiate a new insurance-claim procedure. Appellant is not aware of any procedural vehicle by which opposing litigation counsel is meant to respond to a party's appellate filings that way, and as a pro se litigant does not know how he is supposed to respond when an attorney representing the opposing party in pending litigation tells him she is acting because of his court filings, while directing him, outside of any filing with the Court, to follow a specific process on his underlying insurance claim.

Appellant is also uncertain what capacity Ms. Rademaekers was acting in when she sent the instruction. A fiduciary claims administrator explaining a benefit process to a claimant would ordinarily direct the claimant to the claims representative for guidance on how to proceed. Ms. Rademaekers did not do that. She did not tell Appellant to contact Ms. Corporan for instructions; she specified the procedure herself — draft a Rehabilitation Program and submit the finished product to Ms. Corporan, stating that it is offered to support a claim for the Rehabilitation Incentive Benefit. Yet the email itself supplied none of the information Appellant would actually need to do that: no criteria for what Lincoln considers a valid Rehabilitation Program, no format or template, and no acknowledgment of Appellant's written requests for exactly that guidance dating back to December 2025. An instruction to produce a specific document, without any description of

what would make that document acceptable, does not give Appellant enough information to comply with it. Appellant does not know whether that is a good-faith administrative instruction from someone acting on Lincoln's behalf as claims fiduciary, or a litigation-driven attempt to generate a record of noncompliance by an attorney who is not part of the claims-administration process at all. Appellant does not know whether this is properly understood as litigation conduct, claims-administration conduct, or both, and files this notice, and this motion for leave to file it, because he would rather bring the development to the Court's attention promptly than risk that it goes unaddressed because it does not fit neatly into an existing category of filing.

Whatever the correct characterization, Ms. Rademaekers' own words tie her instruction directly to matters pending before this Court: she stated she was acting "due to statements in your recent filings and emails." Having invoked Appellant's filings with this Court as her reason for acting, Lincoln's counsel has made her own conduct relevant to this appeal, even though she brought that conduct to Appellant rather than to the Court. The Court has an interest in being informed of conduct connected to its own pending proceedings, particularly where a party's counsel has represented that the conduct was prompted by filings made in that proceeding. That interest is what this motion, and the notice it seeks leave to file, are intended to serve.

This development bears directly on relief this Court is being asked to review. On April 9, 2026, Appellant moved the district court for a protective order requiring that Lincoln's litigation defense counsel not communicate with claims administration personnel "for the purpose of influencing, directing, or shaping ongoing claims determinations in connection with this litigation, so as to preserve the administrative and clinical impartiality that Lincoln's fiduciary duty requires." (ROA.533–557.) That request was not abstract. It sought to prevent the specific harm that follows when an insurer's litigation function and its claims-administration function are not kept separate: the same structural-conflict concern that requires courts to weigh an administrator's dual role in funding and deciding claims against it on the merits. See Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 112 (2008). The district court denied the motion by text order on April 16, 2026 (ECF No. 73) — one of the orders Appellant asks this Court to review, identified as such in Appellant's Notice of Appeal (Doc. 26). The August 24, 2026 email is what the absence of that protection looks like in practice: litigation counsel, rather than claims personnel, personally directing Appellant through a new benefit process — instructing him on claims procedure, a function outside her role as Lincoln's litigation counsel, in a manner that happens to serve Lincoln's litigation position by supplying an origination date for a claim Lincoln has repeatedly told this Court does not exist. Appellant offers this not as a new claim for relief, but as

an illustration, arising after the fact, of the precise risk the denied motion asked the district court to prevent. A second, related order is also on appeal: on May 4, 2026, the district court denied Appellant's Motion for Corrective Action Regarding Unauthorized Disclosure of Third-Party Protected Health Information (Doc. 28, ROA.734), which sought correction of a contaminated claims-file production Lincoln's litigation counsel had certified as complete. Both orders reflect the same pattern — the district court declining to check Lincoln's litigation conduct where it touches claims administration. Appellant was referred to vocational rehabilitation on January 9, 2026; received a referral letter on Lincoln's own letterhead on January 27, 2026; and was denied by email the next day, applying an undisclosed "transferable skills" standard. That is the entire history of the claim. Everything since — the assertion that no Rehabilitation Program was ever submitted, and the instruction that Appellant must personally draft and submit one — has been layered onto that sequence after the fact, by counsel retained to defend Lincoln in this litigation, not by anyone who administers Appellant's claim. Appellant is not confused about the relationship between vocational rehabilitation and the Rehabilitation Incentive Benefit; Appellant does not understand why Lincoln's litigation counsel, rather than its claims department, is the one adding complexity to a claim history that was otherwise straightforward, months after the fact and in the middle of this appeal.

Ms. Rademaekers' choice of characterization is itself notable. Appellant's reply brief in support of the Motion for Leave to Submit Exhibits SSDI-CONDUCT and DISCR-PATTERN, filed August 23, 2026, identified as an established pattern that Lincoln's filings repeatedly apply categorical labels — "unclear," "unfounded," "irrelevant," "not a benefit" — to Appellant's filings without engaging their substance. (Doc. 58 at 3.) Ms. Rademaekers' August 24, 2026 email applied the same kind of label to this precise subject, stating that Appellant "remain[s] confused about the differences" between vocational rehabilitation and the Rehabilitation Incentive Benefit — a characterization she made less than 48 hours after receiving the filing that described this exact pattern. Appellant does not raise this to relitigate the reply brief, which is not before the Court on this motion; Appellant raises it because the characterization illustrates rather than answers the concern that filing described.

**5th Cir. R. 27.4 Statement**

Appellant contacted Ms. Rademaekers by email regarding this motion. Ms. Rademaekers responded, disputing the substance of the underlying subject matter and stating that it is "not relevant to any actual underlying appealable order." Ms. Rademaekers' response disputes the content of what Appellant intends to place on the docket; it does not state that Lincoln opposes the motion for leave now before the Court — that is, it does not state that Lincoln objects to the notice being filed at

all. Because this motion asks only for leave to file, and does not request that Lincoln or the Court take any action, Appellant treats disagreement with the notice's content as a matter for response briefing rather than as opposition to the leave requested here, and accordingly treats Ms. Rademaekers' response as non-opposition to this motion.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant leave to file the attached Notice of Post-Briefing Conduct.

Respectfully submitted,

/s/ Charles Bruff
Charles Bruff
Plaintiff-Appellant, Pro Se

## CERTIFICATE OF SERVICE AND COMPLIANCE

I certify that on August 25, 2026, a copy of this Motion for Leave to File Notice of Post-Briefing Conduct and the attached Notice of Post-Briefing Conduct was served on all counsel of record through the Court's CM/ECF electronic filing system, and this Motion for Leave complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1894 words. It has been prepared in Times New Roman, 14-point proportionally spaced

typeface, in compliance with Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6).

/s/ Charles Bruff
Charles Bruff