NO. 26-50345

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

CHARLES BRUFF,
Plaintiff-Appellant,

v.

USAA HEALTH AND WELFARE BENEFITS PLAN, USAA EDUCATIONAL ASSISTANCE PLAN,
UNITED STATES AUTOMOBILE ASSOCIATION, AND LINCOLN NATIONAL LIFE INSURANCE COMPANY,
Defendants-Appellees.

On Appeal from the United States District Court
for the Western District of Texas
C.A. No. 5:26-CV-01720

## APPELLANT'S NOTICE OF POST-BRIEFING CONDUCT

Plaintiff-Appellant Charles Bruff, proceeding pro se, submits this notice, filed pursuant to leave granted by the Court, to inform the Court of conduct by Defendant-Appellee Lincoln National Life Insurance Company ("Lincoln") occurring after the close of briefing on Appellant's Motion for Leave to Submit Exhibits SSDI-CONDUCT and DISCR-PATTERN for Judicial Notice — conduct Appellant could not have addressed in his opening brief, because it did not occur until after that brief was filed.

### 1. The Underlying Sequence Is Simple, and Already in the Record

On January 9, 2026, Lincoln referred Appellant to vocational rehabilitation services. Vocational rehabilitation services are one of the enumerated components of a "Rehabilitation Program" under the Policy, and a Rehabilitation Program is

what supports a claim for the Rehabilitation Incentive Benefit — the two are not separate things. On January 27, 2026, Lincoln's Vocational Rehabilitation Consultant, Aleysia Chambers, sent Appellant a referral letter on Lincoln Financial letterhead. One day later, on January 28, 2026, Ms. Chambers closed the referral by email, applying a "transferable skills" threshold that does not appear anywhere in the Policy. (ROA.223–230, Exhibit F.) No document meeting the content requirements of a benefit denial letter accompanied that closure. That is the entire history of this claim: a referral, a letter, and a same-process closure — not, as described below, a claim that was never made.

### 2. Lincoln's Repeated Argument That Appellant Never Submitted a Rehabilitation Program

Lincoln first raised this argument in the district court, in its Motion to Dismiss (Doc. 35, filed May 19, 2026), and repeated it in its July 9, 2026 response to an EBSA inquiry, stating that Appellant "appears to have confused" the Rehabilitation Incentive Benefit with vocational rehabilitation services. (Exhibit EBSA-1; Doc. 40-1 at 9–11.) Lincoln has since repeated the same argument twice in this appeal:

• Doc. 37 at 4 (July 20, 2026): "Mr. Bruff does not assert that he has submitted a Rehabilitation Program for Lincoln to consider... Accordingly, no claim has been made for such benefit under the Policy."

• Doc. 57 at 4 (August 19, 2026): the same representation, in nearly identical language.

Appellant has asked Lincoln in writing, repeatedly since December 2025, what a Rehabilitation Program submission would actually require — format, criteria, anything. Lincoln's own claims representative, Ms. Corporan, responded in writing on March 23, 2026: "There are no guidelines or additional information to provide." (ROA.439–451, Exhibit DOC_REQ.) Appellant renewed the request on July 19, 2026, addressed solely to Ms. Corporan. No response came from Ms. Corporan at all.

**3. Lincoln's August 24, 2026 Instruction, Issued Through Litigation Counsel**

On August 24, 2026 — one day after Appellant's reply brief on the Motion for Leave to Submit Exhibits was filed — Lincoln's litigation counsel, Iwana Rademaekers, responded to the unanswered July 19 email, though it had not been sent to her. She wrote:

> "Due to statements in your recent filings and emails, I'm providing you with instructions to submit a Rehabilitation Program for consideration to support a claim for a Rehabilitation Incentive Benefit. If you have a Rehabilitation Program that you would like Lincoln to consider, you should submit the Rehabilitation Program to your assigned Lincoln claims representative (Kristianne Corporan) and specifically state that you are submitting the Rehabilitation Program to support your claim for the Rehabilitation Incentive Benefit under the Policy."

This is attached as Exhibit A. It is the first instruction of its kind Appellant has received in the entire history of this claim — every prior communication about vocational rehabilitation came from Lincoln's own claims personnel, not from litigation counsel, and none of them described a process requiring Appellant to personally draft and submit a plan. No criteria, format, or guidance accompanied the instruction. Appellant responded the same day to Ms. Corporan, renewing his outstanding requests; that response is attached as Exhibit B. No guidelines have been produced as of the filing of this notice.

**4. Related Conduct Previously Documented to the District Court**

Appellant previously documented related conduct to the district court: on April 10, 2026, Ms. Corporan routed Ms. Rademaekers' notice of appearance through the clinical claims channel and redirected clinical correspondence to litigation counsel (ROA.572, Exhibit CONFLICT1); on April 22, 2026, Ms. Rademaekers personally responded to Appellant's clinical-submission questions after receiving them from Ms. Corporan (ROA.708–711, Exhibit CONFLICT2). Appellant's Motion for Leave, filed concurrently with this notice, addresses why this history bears on the present development.

**5. Appellant's Statement**

I was referred to vocational rehab, which is part of the Rehabilitation Incentive Benefit. I received a referral letter on Lincoln's own letterhead. I was denied by email the next day, applying a "transferable skills" standard

that does not appear in the Policy. No one administering my claim told me, at that time or afterward, that I would need to personally draft and submit a Rehabilitation Program. That requirement first appears in Ms. Rademaekers' August 24, 2026 email. I am filing this notice so the Court has an accurate, contemporaneous record of that sequence.

Respectfully submitted,

/s/ Charles Bruff
Charles Bruff
Plaintiff-Appellant, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2026, a copy of this Motion for Leave to File Notice of Post-Briefing Conduct and the attached Notice of Post-Briefing Conduct was served on all counsel of record through the Court's CM/ECF electronic filing system, and by first-class mail to any counsel not registered for electronic service.

/s/ Charles Bruff
Charles Bruff

**Exhibits:**

Exhibit A: Email from Iwana Rademaekers to Charles Bruff, August 24, 2026

Exhibit B: Email from Charles Bruff to Kristianne Corporan, August 24–25, 2026