# Re: Lincoln/Bruff

**From:** iwana@rademaekerslaw.com
**To:** 'Terrence Bruff' cbruff13@outlook.com
**Cc:** cbruff13@recap.email
**Date:** Mon, Aug 24, 2026, 10:09 AM

Due to statements in your recent filings and emails, I'm providing you with instructions to submit a Rehabilitation Program for consideration to support a claim for a Rehabilitation Incentive Benefit. If you have a Rehabilitation Program that you would like Lincoln to consider, you should submit the Rehabilitation Program to your assigned Lincoln claims representative (Kristianne Corporan) and specifically state that you are submitting the Rehabilitation Program to support your claim for the Rehabilitation Incentive Benefit under the Policy.

**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE: THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER. THANK YOU.*

---

**From:** Terrence Bruff cbruff13@outlook.com

To: iwana@rademaekerslaw.com
Cc: cbruff13@recap.email
Date: Mon, Aug 24, 2026, 10:35 PM

Hi Ms. Rademaekers,

I intend to file a motion with the Fifth Circuit for leave to file a notice informing the Court of the timing and circumstances of your August 24, 2026 email instructing me about a new process to submit a Rehabilitation Program to Ms. Corporan. The motion itself asks only for leave to place the notice on the docket — it does not ask the Court to rule on any dispute over the Rehabilitation Incentive Benefit and does not ask the Court to expand the record on appeal.

The notice I'm asking leave to file would inform the Court of the following:

- Lincoln's position, stated in the Motion to Dismiss, in Lincoln's response to the EBSA, and in Docs. 37 and 57 in this appeal, that I never submitted a Rehabilitation Program;
- The written requests I made to Ms. Corporan and Lincoln, going back to December 2025, asking for Lincoln's guidelines or criteria for a Rehabilitation Program submission, none of which were answered, including Ms. Corporan's March 23, 2026 statement that no guidelines exist;
- The text of your August 24, 2026 email itself, and the fact that it arrived after my opening brief was filed, after Lincoln's response to my Motion for Leave to Submit Exhibits SSDI-CONDUCT and DISCR-PATTERN, and the day after my reply in support of that motion — despite the fact that you were most likely responding to an email I sent directly to Ms. Corporan on July 19, 2026; and
- My uncertainty, as a pro se litigant, about whether responding to my court filings by directing a new claims-process instruction outside of any filing with the Court is properly understood as litigation conduct, claims-administration conduct, or both.

Since this doesn't actually involve requesting relief from the court, please try to let me know within the next 24 hours whether you oppose this motion

Thank you

Get [Outlook for iOS]

---

From: Iwana Rademaekers iwana@rademaekerslaw.com

To: Terrence Bruff cbruff13@outlook.com
Date: Tue, Aug 25, 2026, 4:39 AM

It appears that you remain confused about the differences between rehabilitation services, which is not a plan benefit, and the Rehabilitation Incentive Benefit, which is supported by a Rehabilitation Program, and is a plan benefit, as defined in the Policy.

It is Lincoln's position that the proper method for a communication regarding how to access the Rehabilitation Incentive Benefit should be directly to the claimant, rather than through a document submitted to the Court, because this benefit is something a plan participant must first submit a claim for. It is not something that the Court can award if no claim was ever submitted for the benefit.

Additionally, Lincoln's position is that the subjects of your appeal are only the appealable orders of the District Court that you referenced in your Notices of Appeal. Accordingly, the Appeals Court will only review issues that pertain directly to those appealable orders. The information provided to you in this email string is not relevant to any appealable order.

**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE: THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER. THANK YOU.*

On Aug 24, 2026, at 10:35 PM, Terrence Bruff <cbruff13@outlook.com> wrote:

Hi Ms. Rademaekers,

I intend to file a motion with the Fifth Circuit for leave to file a notice informing the Court of the timing and circumstances of your August 24, 2026 email instructing me about a new process to submit a Rehabilitation Program to Ms. Corporan. The motion itself asks only for leave to place the notice on the docket — it does not ask the Court to rule on any dispute over the Rehabilitation Incentive Benefit and does not ask the Court to expand the record on appeal.

The notice I'm asking leave to file would inform the Court of the following:

- Lincoln's position, stated in the Motion to Dismiss, in Lincoln's response to the EBSA, and in Docs. 37 and 57 in this appeal, that I never submitted a Rehabilitation Program;
- The written requests I made to Ms. Corporan and Lincoln, going back to December 2025, asking for Lincoln's guidelines or criteria for a Rehabilitation Program submission, none of which were answered, including Ms. Corporan's March 23, 2026 statement that no guidelines exist;
- The text of your August 24, 2026 email itself, and the fact that it arrived after my opening brief was filed, after Lincoln's response to my Motion for Leave to Submit Exhibits SSDI-CONDUCT and DISCR-PATTERN, and the day after my reply in support of that motion — despite the fact that you were most likely responding to an email I sent directly to Ms. Corporan on July 19, 2026; and
- My uncertainty, as a pro se litigant, about whether responding to my court filings by directing a new claims-process instruction outside of any filing with the Court is properly understood as litigation conduct, claims-administration conduct, or both.

Since this doesn't actually involve requesting relief from the court, please try to let me know within the next 24 hours whether you oppose this motion

Thank you

Get [Outlook for iOS]

---

From: Terrence Bruff cbruff13@outlook.com
To: Iwana Rademaekers iwana@rademaekerslaw.com
Date: Tue, Aug 25, 2026, 11:17 AM

Ms. Rademaekers,

Thanks for letting me know. Since you didn't actually say and since the notice doesn't actually ask for any relief, I'll just file it as unopposed. I assume if you wanted it to be opposed, you would have said that you oppose.

Get Outlook for iOS

---

4 Emails