**NO. 26-50345**

---

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**CHARLES T. BRUFF,**

**Plaintiff - Appellant,**

**v.**

**USAA EDUCATIONAL ASSISTANCE PLAN; LINCOLN NATIONAL LIFE INSURANCE COMPANY; USAA HEALTH AND WELFARE BENEFITS PLAN,**

**Defendants - Appellees.**

---

**On Appeal from the United States District Court**
**For the Western District of Texas**
**C.A. No. 5:26-CV-01720**

---

# BRIEF OF APPELLEE, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

---

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT-APPELLEE THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Plaintiff-Appellant, Charles Bruff
2. Defendant-Appellee, The Lincoln National Life Insurance Company
3. Lincoln National Corporation, parent corporation of Defendant-Appellee
4. Law Offices of Iwana Rademaekers, P.C.
5. Defendant, United Services Automobile Association

Dated: September 2, 2026

/s/ Iwana Rademaekers
IWANA RADEMAEKERS
Attorneys for Appellee, The Lincoln National Life Insurance Company

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, The Lincoln National Life Insurance Company, does not believe that oral argument will be necessary in this appeal because the issues in dispute can be adequately addressed in the parties' briefs to the Court.

# TABLE OF CONTENTS

**Page**

**CERTIFICATE OF INTERESTED PERSONS** .................................................. i

**STATEMENT REGARDING ORAL ARGUMENT** .......................................... ii

**TABLE OF CONTENTS** ........................................................................... iii

**TABLE OF AUTHORITIES** ......................................................................... v

**STATEMENT OF JURISDICTION** .............................................................. vii

**STATEMENT OF THE ISSUES** ................................................................... viii

**STATEMENT OF THE CASE** ....................................................................... ix

**SUMMARY OF THE ARGUMENT** .............................................................. xiv

**ARGUMENT** ................................................................................................ 1

- **A. THE DISTRICT COURT'S APRIL 16, 2026, TEXT ORDER DENYING MOTION FOR PROTECTIVE ORDER DOES NOT MEET THE CRITERIA FOR AN IMMEDIATE APPEAL AND ALTERNATIVELY, THE DISTRICT COURT CORRECTLY DENIED THE MOTION.** ................. 1
- **B. THE DISTRICT COURT'S APRIL 22, 2026, TEXT ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION WAS CORRECT.** ................................................................................. 4
- **C. THE DISTRICT COURT'S MAY 4, 2026, TEXT ORDER DENYING MOTION FOR CORRECTIVE ACTION IS NOT SUBJECT TO INTERLOCUTORY APPEAL.** ............................................................. 7
- **D. THE DISTRICT COURT'S MAY 19, 2026, TEXT ORDER MOOTING MOTION FOR CLERK'S ENTRY OF DEFAULT IS NOT SUBJECT TO INTERLOCUTORY APPEAL.** ............................................................. 8
- **E. THE DISTRICT COURT'S MAY 20, 2026, TEXT ORDER DENYING MOTION FOR RECONSIDERATION IS NOT SUBJECT TO INTERLOCUTORY APPEAL.** ............................................................ 10

**F. LINCOLN DOES NOT CONCEDE TO ANY COLLATERAL ALLEGATION MADE IN BRUFF'S BRIEF BY DECLINING TO ADDRESS IRRELEVANT OR INADEQUATELY PRESENTED ISSUES.** .......10

**CONCLUSION**.......................................................................................................12

**CERTIFICATE OF SERVICE** ..............................................................................13

**CERTIFICATE OF COMPLIANCE** ......................................................................14

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Adult Film Ass'n. v. Thetford*,
776 F.2d 113, 114 (5th Cir. 1985) .......... xv, 9, 10

*Canal Authority of the State of Florida v. Callaway*,
489 F.2d 567 (5th Cir. 1974) .......... 5

*Clark v. Prichard,*
812 F.2d 991, 993 (5th Cir. 1987) .......... 5

*EEOC v. Kerrville Bus Co.*,
925 F.2d 129, 132 (5th Cir. 1991) .......... 3

*Hamilton v. Robertson,*
854 F.2d 740, 741 (5th Cir. 1988) .......... 3

*In re Deepwater Horizon*,
793 F.3d 479, 491 (5th Cir. 2015) .......... 3

*Integrity Collision Ctr. v. City of Fulshear*,
837 F.3d 581, 586 (5th Cir. 2016) .......... 3

*Jackson v. City of Houston,*
143 F.4th 640, 644 (5th Cir. 2025) .......... xiv, 7

*Karaha Bodas Co. v. Negara*,
335 F.3d 357, 363 (5th Cir. 2003) .......... 6

*La Union del Pueblo Entero v. Abbott*,
68 F.4th 228, 232 (5th Cir. 2023) .......... 2

*Moore v. Brown*,
868 F.3d 398, 402 (5th Cir. 2017) .......... 5

*Realogy Holdings Corp. v. Jongebloed*,
957 F.3d 523, 530 (5th Cir. 2020) .......... 5

*Rollins v. Home Depot USA*, Inc.,
8 F.4th 393, 397-98 (5th Cir. 2021) ....................................................................11

*Shirey v. Bensalem Township*,
663 F.2d 472 (3d Cir. 1981) ...............................................................................3

*Sierra Club v. Glickman,*
67 F.3d 90, 94 (5th Cir. 1995) ............................................................................3

**FEDERAL STATUTES**

28 U.S.C. § 1291 ............................................................................................ vi

28 U.S.C. § 1292(a)(1)................................................................................ 2, 3, 5

28 U.S.C. § 1331 ............................................................................................ vi

29 C.F.R. § 2560.503-1(h)(2)(iii) ................................................................ viii

29 C.F.R. § 2560.503-1(m)(4) .........................................................................x

29 U.S.C. § 1001 et seq.................................................................................... vi

29 U.S.C. § 1132(a)(1)...............................................................................vi, viii

29 U.S.C. § 1132(a)(3)...............................................................................vi, viii

29 U.S.C. § 1132(e)(1).................................................................................... vi

29 U.S.C. § 1132(g) ........................................................................................13

## STATEMENT OF JURISDICTION

The District Court had jurisdiction of this action pursuant to Sections 502(a)(1) and (3) and Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), 29 U.S.C. §§ 1132(a)(1), (a)(3), and (e)(1) under 28 U.S.C. § 1331. However, Appellee, The Lincoln National Life Insurance Company, specifically denies that the Fifth Circuit has jurisdiction over four of the Orders on various Motions filed by Appellant, Charles Bruff[1] that Appellant included in his Notice of Appeal[2] and Supplemental Notice of Appeal,[3] as these four Orders[4] are not subject to interlocutory appeal. Only the District Court's April 22, 2026, Order denying Plaintiff's Motion for Preliminary Injunction[5] may be appealed pursuant to 28 U.S.C. § 1292(a)(1), and Appellant timely filed a Notice of Appeal[6] on April 23, 2026, which appealed the Court's April 22, 2026, Order.

---

1 Motion for Protective Order (ROA.542-566), Motion for Corrective Action (ROA.734-738), Motion for Clerk's Entry of Default (ROA.881-884), and Motion for Reconsideration (ROA.969-982).

2 Notice of Appeal (ROA.655-657).

3 Notice of Supplemental Appeal (ROA.983-1040).

4 Text Orders on April 16, 2026 (ROA.4), Text Order on May 4, 2026 (ROA.5-6), Text Order on May 19, 2026 (ROA.6), and Text Order on May 20, 2026 (ROA.7).

5 Text Order (ROA.5) Denying Motion for Preliminary Injunction (ROA.637-654).

6 Notice of Appeal (ROA.655-657).

## STATEMENT OF THE ISSUES

1. Whether the April 16, 2026, Order denying Bruff's Motion for Protective Order meets the criteria for an immediate appeal. Alternatively, whether the District Court erred in its denial of Bruff's Motion for Protective Order.[7]

2. Whether the District Court erred in its April 22, 2026, Order denying Bruff's Motion for Preliminary Injunction.[8]

3. Whether the May 4, 2026, Order denying Bruff's Motion for Corrective Action is subject to interlocutory appeal. Alternatively, whether the District Court erred in its denial of Bruff's Motion for Corrective Action.[9]

4. Whether the May 19, 2026, Order mooting Bruff's Motion for Clerk's Entry of Default is subject to interlocutory appeal. Alternatively, whether the District Court erred in its denial of Bruff's Motion for Clerk's Entry of Default.[10]

5. Whether the May 20, 2026, Order denying Bruff's Motion for Reconsideration is subject to interlocutory appeal. Alternatively, whether the District Court erred in its denial of Bruff's Motion for Reconsideration.[11]

---

[7] Text Order (ROA.4) Denying Motion for Protective Order (ROA.542-566).
[8] Text Order (ROA.5) Denying Motion for Preliminary Injunction (ROA.637-654).
[9] Text Order (ROA.5-6) Denying Motion for Corrective Action (ROA.734-738).
[10] Text Order (ROA.6) Mooting Motion for Clerk's Entry of Default (ROA.881-884).
[11] Text Order (ROA.7) Denying Motion for Reconsideration (ROA.969-982).

## STATEMENT OF THE CASE

The above-styled action pertains to the claim submitted by Plaintiff-Appellant Charles Bruff ("Bruff") for benefits from the USAA Health and Welfare Benefits Plan (the "Plan") under the Group Disability Insurance Policy[12] (the "Policy") issued by Defendant-Appellee The Lincoln National Life Insurance Company ("Lincoln") to the USAA Employee Benefit Plan. Bruff's claim was approved by Lincoln and remains in payment status to the present date.[13] Bruff's Complaint, filed in the District Court, Civil Action No. 5:26-CV-01720 (the "District Court case"), seeks relief from all Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"),[14] under 29 U.S.C. §§ 1132(a)(1) and (a)(3).

Although it is somewhat unclear what relief Bruff seeks from Lincoln in the District Court case, the allegations against Lincoln in the Complaint appear to stem from Bruff's communications with Lincoln's claims department regarding access to his claim file.[15] However, there has been no adverse determination regarding Bruff's long-term disability ("LTD") benefit from the Plan under the Policy that would have triggered a requirement under 29 C.F.R. § 2560.503-1(h)(2)(iii) that the claim file must be provided to Bruff. Nevertheless, because Bruff filed a lawsuit and the claim

---

[12] Complaint at Exhibit LTDPOL (ROA.317-369).
[13] Complaint at ¶¶ 7-11 (ROA.10).
[14] Complaint at ¶ 1 (ROA.9).
[15] Complaint at ¶¶ 25 and 27 (ROA.14).

file and resulting administrative record would be relevant to Bruff's claims, Lincoln's counsel provided Bruff with a full copy of the claim file and the relevant policy on April 12, 2026, which effectively moots this claim by Bruff against Lincoln.

In his second set of allegations against Lincoln in the Complaint, Bruff argues that Lincoln has "denied vocational rehabilitation services without a formal denial letter . . . ."[16] However, as Bruff states in the Complaint, "vocational rehabilitation is not defined in the [Policy]."[17] That is because "vocational rehabilitation" or vocational services are not benefit under the Policy. It appears that Bruff has confused the Rehabilitation Incentive Benefit in the Policy with vocational services that Lincoln may make available to claimants in certain instances, which is not a Policy benefit. Specifically, the Rehabilitation Incentive Benefit provides:

> Lincoln will pay an increased Monthly Benefit while a Covered Person is fully participating in a Rehabilitation Program. Lincoln must first approve the Rehabilitation Program in writing before a Covered Person can be considered for this benefit. If Lincoln does not approve a Rehabilitation Program, the regular Disability benefit will be payable provided the Covered Person is Disabled under the terms of this policy. To be eligible for a Rehabilitation Incentive Benefit, the Covered Person must:
>
> 1. be Disabled and receiving benefits under this policy; and
> 2. be fully participating in a Rehabilitation Program approved by Lincoln.[18]

---

16 Complaint at ¶ 19 (ROA.12).
17 *Id.*
18 Complaint at Exhibit LTDPOL (ROA.345).

Bruff does not assert in the Complaint that he has submitted a Rehabilitation Program claim for Lincoln to consider regarding whether he is eligible for the Rehabilitation Incentive Benefit. Accordingly, no claim has been made for such benefit under the Policy. Therefore, there has been no adverse benefit determination, and thus, no trigger to issue an adverse benefit determination under the regulations. 29 C.F.R. § 2560.503-1(m)(4).

Bruff has filed a series of unfounded and irrelevant motions in the District Court case, including the motions that were denied by orders of the District Court that are the subject of this appeal. The Court's summaries of the motions and the text of its orders that are the subject of Bruff's appeal, along with notes as to the relief sought by Bruff, are as follows:

**1.** *Order Denying (April 16, 2026, Text Order[19]) Motion for Protective Order*

> Text Order DENYING [16] Motion for Protective Order entered by Judge Xavier Rodriguez. Plaintiff seeks an order prohibiting Defendant Lincoln's claims administration personnel from communicating with Lincoln's counsel. He also asks the Court to prohibit Lincoln from accessing the records it has pertaining to Plaintiff "unless produced through formal discovery." ECF No. 16 at 14. "An injunctive order is an extraordinary writ, enforceable by the power of contempt." Gunn v. Univ. Comm. to End War, 399 U.S. 383, 389 (1970). Plaintiff has established neither the necessity of such extraordinary relief here nor the Court's authority to impose it in this form. Besides, it is unclear how Lincoln can produce records through formal discovery if Lincoln is unable to access them.

[19] Text Order (ROA.4).

Note: Bruff's Motion for Protective Order sought various forms of relief, all of which involved either restricting Lincoln's counsel from interacting with employees of her client or receiving documents directly from her client.

***2.*** *Order Denying (April 22, 2026, Text Order[20]) Plaintiff's Motion for Preliminary Injunction*

Text Order DENYING [25] Motion for a Preliminary Injunction entered by Judge Xavier Rodriguez. A movant seeking a preliminary injunction must demonstrate a substantial likelihood of success on the merits. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Bruff's motion objects to the fact that Lincoln directs Bruff to communicate through Lincoln's counsel. Bruff also complains that Lincoln has not yet provided a complete claim file as part of its initial discovery disclosures. It is unclear how these allegations bear on the merits of Bruff's claims. He accordingly failed to demonstrate a substantial likelihood of success on the merits.

Note: Bruff's Motion for Preliminary Injunction asked the Court to prohibit Lincoln from taking any adverse action on his claim for benefits without leave of Court. Additionally, Bruff received a copy of his claim file and the relevant policy on April 12, 2026, so this portion of Bruff's Motion is moot.

***3.*** *Order Denying (May 4, 2026, Text Order[21]) Motion for Corrective Action*

Text order DENYING [28] Motion for Corrective Action entered by Judge Xavier Rodriguez. Plaintiff asks the Court to take corrective action on behalf of a third party whose personal information was allegedly disclosed. Plaintiff has not established the "irreducible constitutional minimum of standing" to seek relief on behalf of the third party. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Note: Bruff's Motion for Corrective Action pertained to the mistaken inclusion of documents regarding a different claimant in Bruff's claim file. However, Lincoln removed the pages from its file, implemented its regular procedures in connection with the issue, and advised Bruff, accordingly.

---

[20] Text Order (ROA.5).

[21] Text Order (ROA.5-6).

Bruff does not seek relief in this Motion to his own benefit or on his own behalf.

**4.** *Order Mooting (May 19, 2026, Text Order[22]) Motion for Clerk's Entry of Default*

Text Order MOOTING Motion for Clerk's Entry of Default entered by Judge Xavier Rodriguez. Defendant Lincoln National Life Ins. Co. filed a Motion to Dismiss Plaintiff's Complaint (ECF No. [35]).

Note: Lincoln responded to Bruff's Motion for Clerk's Entry of Default, which response stated that no waiver of service for Lincoln had been filed in the Court's docket and that Lincoln denied that it had signed and returned a waiver of service.[23] Contemporaneously, Lincoln also filed a Motion to Dismiss[24] under Fed. R. Civ. P. 12(b)(6), which the Court stated mooted Bruff's Motion.

**5.** *Order Denying (May 20, 2026, Text Order[25]) Motion for Reconsideration*

Text Order DENYING [39] Motion for Reconsideration entered by Judge Xavier Rodriguez. Defendant Lincoln National has appeared. Plaintiff is not prejudiced by having to prosecute his case.

Note: Bruff's Motion for Reconsideration sought reversal of the Court's May 19, 2026, Order mooting Bruff's Motion for Clerk's Entry of Default.

---

22 Text Order (ROA.6).
23 Lincoln's Response to Motion for Clerk's Entry of Default (ROA.956-958).
24 Motion to Dismiss for Failure to State a Claim (ROA.956-958).
25 Text Order (ROA.7).

## SUMMARY OF THE ARGUMENT

As stated above, Bruff has filed a series of unfounded and irrelevant motions in the District Court case, including motions that were denied by orders of the District Court and are the subjects of Bruff's interlocutory appeal, as set forth above. However, the Fifth Circuit has jurisdiction to review only one of these Orders, which was the District Court's April 22, 2026, Order denying Plaintiff's Motion for Preliminary Injunction. Bruff's Motion asked the District Court to prohibit Lincoln from taking any adverse action on his claim for benefits without leave of Court. Consistent with the Fifth Circuit's denial (App. Document 52-1) of a similar motion by Bruff (App. Documents 30 and 31), the District Court correctly denied this motion noting that Bruff "failed to demonstrate a substantial likelihood of success on the merits."

However, the appeals of the remaining Orders should be dismissed, as the April 16, 2026; May 4, 2026; May 19, 2026; and May 20, 2026, Orders do not meet the criteria for immediate appeal and thus, are not subject to interlocutory appeal. An order based on lack of standing (the May 4, 2026, Text Order DENYING [28] *Motion for Corrective Action*) is not subject to interlocutory appeal. *Jackson v. City of Houston,* 143 F.4th 640, 644 (5th Cir. 2025). Moreover, orders denying default judgment (i.e., the May 19, 2026, Text Order MOOTING Motion for Clerk's Entry of Default and the May 20, 2026, Text Order DENYING [39] Motion for

Reconsideration) are not subject to interlocutory appeal. *Adult Film Ass'n. v. Thetford*, 776 F.2d 113, 114 (5th Cir. 1985). Additionally, and as more fully argued below, it is Lincoln's position that the April 16, 2026, Text Order DENYING [16] *Motion for Protective Order* does not meet the criteria for an immediate appeal.

Alternatively, as set forth below, the District Court made the correct decisions on each of Bruff's Motions because these Motions were moot, were wholly without merit, or demonstrated a lack of standing to seek relief on behalf of the third party.

## ARGUMENT

### A. THE DISTRICT COURT'S APRIL 16, 2026, TEXT ORDER DENYING MOTION FOR PROTECTIVE ORDER DOES NOT MEET THE CRITERIA FOR AN IMMEDIATE APPEAL AND ALTERNATIVELY, THE DISTRICT COURT CORRECTLY DENIED THE MOTION.

Bruff filed a *Motion for Protective Order Governing Claims File Access and Separation of Lincoln Financial's Claims Administration and Litigation Functions* in the District Court case on April 9, 2026,[26] seeking a protective order from the District Court that would prohibit Lincoln's counsel from having any communications "directly or indirectly" with Lincoln's claims department.[27] In other words, although Bruff sued Lincoln because of actions or inactions by Lincoln's claims department, he sought in this Motion to prevent Lincoln's counsel from communicating with or receiving documents from her client. Such a request is absurd on its face and on April 16, 2026, after reviewing Bruff's Motion[28] and Lincoln's Response[29], the District Court correctly denied Bruff's Motion, entering the following order:

> Text Order DENYING [16] Motion for Protective Order entered by Judge Xavier Rodriguez. Plaintiff seeks an order prohibiting Defendant Lincoln's claims administration personnel from communicating with Lincoln's counsel. He also asks the Court to prohibit Lincoln from accessing the records it has pertaining to Plaintiff "unless produced through formal discovery." ECF No. 16 at 14. "An injunctive order is an extraordinary writ, enforceable by the power of contempt." Gunn v.

---

[26] Motion for Protective Order (ROA.542-566).
[27] *Id.* (ROA.555).
[28] *Id.* (ROA.542-566).
[29] Lincoln's Response to Motion for Protective Order (ROA.593-598).

> Univ. Comm. to End War, 399 U.S. 383, 389 (1970). Plaintiff has established neither the necessity of such extraordinary relief here nor the Court's authority to impose it in this form. Besides, it is unclear how Lincoln can produce records through formal discovery if Lincoln is unable to access them.[30]

Moreover, it is Lincoln's position that this Order does not meet the criteria for an immediate appeal. As the Fifth Circuit has stated,

> [W]e have jurisdiction over "'a narrow class of decisions . . .' immediately appealable as collateral orders even if no final judgment has been rendered." Orders are immediately appealable under this rule only if they "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) [are] effectively unreviewable on appeal." "[T]he decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'

*La Union del Pueblo Entero v. Abbott*, 68 F.4th 228, 232 (5th Cir. 2023) (citations omitted).

Additionally, the April 16th order did not expressly grant, deny, modify, or dissolve an injunction such that would permit an appeal under 28 U.S.C. § 1292(a)(1), which applies to orders that explicitly grant, continue, modify, refuse, or dissolve injunctions, and to orders that have the practical effect of doing so. The order instead denied a discovery and case-management motion styled as a protective order. Discovery orders are not appealable under 28 U.S.C. § 1292(a)(1), and Section 1292(a)(1) must be construed narrowly because it creates only limited

[30] Text Order (ROA.4).

exceptions to the final-judgment rule. *Hamilton v. Robertson,* 854 F.2d 740, 741 (5th Cir. 1988). Thus, the mere fact that a litigant asks for relief with injunctive characteristics does not transform every denial of that request into an immediately appealable injunction order. *EEOC v. Kerrville Bus Co.*, 925 F.2d 129, 132 (5th Cir. 1991), *citing Shirey v. Bensalem Township*, 663 F.2d 472 (3d Cir. 1981). 28 U.S.C. § 1292(a)(1) is a narrow exception to the final-judgment rule, and it should not be expanded to permit interlocutory appeals from ordinary procedural rulings merely because a party characterizes the relief sought as equitable. *Sierra Club v. Glickman,* 67 F.3d 90, 94 (5th Cir. 1995).

Accordingly, when an order does not explicitly deny an injunction, appellate jurisdiction exists only if the appellant shows both that the order may have serious, perhaps irreparable consequences and that the order can be effectively challenged only by immediate appeal. The April 16th order does not satisfy that test. It did not adjudicate the merits of Bruff's claims, did not prevent Bruff from prosecuting his case, did not compel him to disclose privileged information, and did not impose affirmative obligations enforceable by contempt against him. An order functions as an injunction when it is directed to a party, enforceable by contempt, and designed to accord or protect substantive relief in more than a temporary fashion. *Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 586 (5th Cir. 2016), citing, *In re Deepwater Horizon*, 793 F.3d 479, 491 (5th Cir. 2015). The April 16th order did

none of those things. It correctly declined to restrict Lincoln's communications with its own counsel and declined to prevent Lincoln from accessing its own records and providing them to its counsel. Accordingly, the Fifth Circuit does not have jurisdiction to review the District Court's correct Order denying Bruff's Motion for Protective Order.

### B. THE DISTRICT COURT'S APRIL 22, 2026, TEXT ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION WAS CORRECT.

Bruff filed a Motion for Preliminary Injunction on April 20, 2026,[31] in which Plaintiff sought to have the District Court intervene in Lincoln's administration and claims decision process by asking it to order Lincoln not to make any claims decisions without first seeking approval by the Court. Plaintiff's Motion stated that he was seeking an injunction requiring Lincoln to "maintain the status quo – specifically, to continue paying Plaintiff's long-term disability ("LTD") benefits at the current rate, without any reduction, suspension, or termination for any reason, without prior leave of this Court – pending the resolution of this action."[32] Plaintiff stated three grounds on which his motion was based; however, none was supported by sufficient argument to warrant an injunction prohibiting Lincoln from administering Plaintiff's claim in accordance with the terms of the relevant Policy, as Plaintiff failed to show a substantial likelihood of success on the merits of his

[31] Motion for Preliminary Injunction (ROA.637-654).
[32] *Id.* (ROA.637).

case. Therefore, the Court correctly denied Bruff's Motion for Preliminary Injunction, stating in its April 22, 2026, Order:

> Text Order DENYING [25] Motion for a Preliminary Injunction entered by Judge Xavier Rodriguez. A movant seeking a preliminary injunction must demonstrate a substantial likelihood of success on the merits. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Bruff's motion objects to the fact that Lincoln directs Bruff to communicate through Lincoln's counsel. Bruff also complains that Lincoln has not yet provided a complete claim file as part of its initial discovery disclosures. It is unclear how these allegations bear on the merits of Bruff's claims. He accordingly failed to demonstrate a substantial likelihood of success on the merits.[33]

The Fifth Circuit reviews a district court's denial of a preliminary injunction for abuse of discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Within that framework, the Court reviews the district court's legal conclusions de novo and its factual findings for clear error. *Realogy Holdings Corp. v. Jongebloed*, 957 F.3d 523, 530 (5th Cir. 2020).

As noted above, orders on preliminary injunctions are generally appealable. 28 U.S.C. § 1292(a)(1). However, it is Lincoln's position that the District Court's decision was correct. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir. 1987)[34] sets forth the four factors that must be shown for extraordinary relief such as an injunction. These are: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result

---

[33] Text Order (ROA.5).

[34] Citing, *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974).

if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. The movant must clearly carry the burden of persuasion on all four requirements. *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 363 (5th Cir. 2003). As the Court stated, Plaintiff's Motion for Preliminary Injunction did not meet these criteria.

The District Court's April 22nd Order applied the correct legal standard, which is that a movant seeking a preliminary injunction must demonstrate a substantial likelihood of success on the merits. The District Court then held that Bruff failed to satisfy that requirement because his motion objected to Lincoln's direction that Bruff communicate through counsel and complained that Lincoln had not yet provided a complete claim file, but did not explain how those matters bore on the merits of Bruff's claims. The order thus denied relief on a dispositive preliminary-injunction element.

That ruling was well within the district court's discretion. Bruff's motion did not establish that the challenged communications protocol, or the timing of production of the claim file, made him substantially likely to prevail on any pleaded claim. Nor did the requested injunction preserve the status quo in a way tied to the merits of the litigation. It instead sought to regulate Lincoln's internal claims personnel, Lincoln's communications with its own counsel, and Lincoln's access to

its own records. The district court was not required to enter extraordinary interim relief on that showing.

Additionally, Bruff received a copy of his claim file and the relevant policy on April 12, 2026, so this portion of Bruff's Motion is moot. To the extent that Bruff's Motion sought an order compelling production of those materials, that request was moot when the district court ruled.

### C. THE DISTRICT COURT'S MAY 4, 2026, TEXT ORDER DENYING MOTION FOR CORRECTIVE ACTION IS NOT SUBJECT TO INTERLOCUTORY APPEAL.

Bruff filed a Motion for Corrective Action on May 1, 2026,[35] seeking an order requiring Lincoln to take corrective action following Bruff's discovery that Lincoln's April 12, 2026, claims file production contained the protected health information of a third party. And on May 4, 2026, the Court entered the following order:

> Text order DENYING [28] Motion for Corrective Action entered by Judge Xavier Rodriguez. Plaintiff asks the Court to take corrective action on behalf of a third party whose personal information was allegedly disclosed. Plaintiff has not established the "irreducible constitutional minimum of standing" to seek relief on behalf of the third party. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).[36]

However, the Fifth Circuit has held that an order based on lack of standing is not subject to interlocutory appeal. *Jackson v. City of Houston,* 143 F.4th 640, 644

35 Motion for Corrective Action (ROA.734-738).
36 Text Order (ROA.5-6).

(5th Cir. 2025). The District Court's ruling did not conclusively resolve any claim or issue belonging to Bruff himself. It did not deprive him of the ability to litigate his own claims, did not compel disclosure of privileged information, and did not impose any affirmative obligation on him. The order addressed only whether Bruff could obtain relief for a nonparty, a question that does not involve an important issue separate from the merits requiring immediate appellate review.

Moreover, even if this Order were subject to interlocutory appeal, Lincoln had removed the pages from the claim file, implemented its regular procedures in connection with the issue, and advised Bruff accordingly. Bruff did not seek relief in this Motion for his own benefit or on his own behalf and failed to explain in his Motion how he had standing to seek relief on behalf of this third party. Accordingly, the District Court correctly denied the Motion.

### D. THE DISTRICT COURT'S MAY 19, 2026, TEXT ORDER MOOTING MOTION FOR CLERK'S ENTRY OF DEFAULT IS NOT SUBJECT TO INTERLOCUTORY APPEAL.

Bruff filed a Motion for Clerk's Entry of Default Against Lincoln National Life Insurance Company on May 19, 2026,[37] alleging that a copy of the Complaint, along with a waiver of service was sent to Lincoln[38] but that Lincoln "failed to plead or otherwise defend within the time required by the Federal Rules of Civil

[37] Motion for Clerk's Entry of Default (ROA.881-884).

[38] *Id.* at ¶ 1 (ROA.881).

Procedure."[39] In its Response,[40] Lincoln noted that, because there is neither a signed waiver of service in the Court's docket nor any other evidence on the docket that Lincoln has been properly served with process in this action, Lincoln was not in default. Accordingly, there is no basis upon which the Clerk could enter default.[41] Additionally, although not properly served, Lincoln filed a Motion to Dismiss Plaintiff's Complaint on May 19, 2026.[42] After reviewing the docket, as well as Bruff's Motion, Lincoln's Response, and Bruff's Reply, the District Court correctly treated as moot Bruff's Motion, entering the following order on May 19, 2026:

> Text Order MOOTING Motion for Clerk's Entry of Default entered by Judge Xavier Rodriguez. Defendant Lincoln National Life Ins. Co. filed a Motion to Dismiss Plaintiff's Complaint (ECF No. [35]).[43]

The Fifth Circuit has specifically held that an order denying default judgment is not subject to interlocutory appeal. *Adult Film Ass'n. v. Thetford*, 776 F.2d 113, 114 (5th Cir. 1985). However, even if this Order were appealable, it was the correct ruling on Bruff's Motion, as Lincoln's Motion to Dismiss was filed before the Clerk took any action on Bruff's Motion for Clerk's Entry of Default. Additionally, Bruff's Motion failed to establish that Lincoln had been properly served or had signed and returned a Waiver of Service.[44]

---

39 *Id.* at ¶ 6 (ROA.882).
40 Lincoln's Response to Motion for Clerk's Entry of Default (ROA.956-958).
41 *Id.* at ¶ 2 (ROA.956).
42 Motion to Dismiss for Failure to State a Claim (ROA.885-955).
43 Text Order (ROA.6).
44 Lincoln's Response to Motion for Clerk's Entry of Default (ROA.956-958).

## E. THE DISTRICT COURT'S MAY 20, 2026, TEXT ORDER DENYING MOTION FOR RECONSIDERATION IS NOT SUBJECT TO INTERLOCUTORY APPEAL.

On May 19, 2026, Bruff filed a Motion for Reconsideration[45] of the Text Order Mooting Plaintiff's Application for Clerk's Entry of Default, seeking reconsideration of the May 19, 2026, Order. On May 20, 2026, the Court entered the following order:

> Text Order DENYING [39] Motion for Reconsideration entered by Judge Xavier Rodriguez. Defendant Lincoln National has appeared. Plaintiff is not prejudiced by having to prosecute his case.[46]

As discussed above, an Order denying default judgment is not subject to interlocutory appeal. *Adult Film Ass'n. v. Thetford*, 776 F.2d 113, 114 (5th Cir. 1985). Moreover, Bruff had failed to establish that Lincoln was properly served in the lawsuit or had signed and returned a Waiver of Service. Accordingly, the District Court's May 20, 2026, Order was correct.

## F. LINCOLN DOES NOT CONCEDE TO ANY COLLATERAL ALLEGATION MADE IN BRUFF'S BRIEF BY DECLINING TO ADDRESS IRRELEVANT OR INADEQUATELY PRESENTED ISSUES.

Bruff's opening brief attempts to expand this appeal beyond the district court orders and appellate framework addressed above, including by raising broad assertions and unfounded allegations regarding Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, alleged record contamination, alleged cross-case litigation

---

[45] Motion for Reconsideration (ROA.969-982).
[46] Text Order (ROA.7).

patterns, SSDI reimbursement practices, and other issues not relevant to or necessary to resolve the orders identified in Lincoln's statement of the issues that are the subjects of Bruff's Notices of Appeal. Lincoln's brief focuses on the issues properly before the Court: whether the challenged district court orders are appealable and, where appropriate, whether those orders were correct.

Federal appellate briefing requires an appellant to identify the issues presented for review and to support his contentions with reasons, authorities, and record references. Fed. R. App. P. 28. Although pro se briefs are construed liberally, pro se appellants still must reasonably comply with Rule 28, issues raised for the first time on appeal are ordinarily forfeited, and a party also forfeits issues by failing to adequately brief them on appeal. *Rollins v. Home Depot USA*, Inc., 8 F.4th 393, 397-98 (5th Cir. 2021).

Accordingly, Lincoln has not attempted to answer every collateral assertion in Bruff's opening brief. Many of those assertions do not bear on either the appealability of the orders included in Bruff's Notices of Appeal or on whether the District Court abused its discretion in denying preliminary injunctive relief. Lincoln's decision to confine its response to the actual orders and issues before the Court should not be treated as an admission that any allegation or argument made by Bruff is accurate, preserved, relevant, or meritorious. Bruff's effort to convert

this limited interlocutory appeal into a vehicle for advisory review of collateral grievances raises matters that are not properly presented for appellate consideration.

## CONCLUSION

The District Court made the correct decision to deny Bruff's Motion for Preliminary Injunction in the District Court's April 22, 2026, Order, as Bruff failed to demonstrate a substantial likelihood of success on the merits. Additionally, the April 16, 2026; May 4, 2026; May 19, 2026; and May 20, 2026, Orders are not subject to interlocutory appeal. To the extent that any of the foregoing Orders are appealable, the District Court made the correct decisions in each of those Orders, as the Motions denied by the Orders were moot, completely without merit, or failed to demonstrate standing to seek relief on behalf of the third party.

Accordingly, Lincoln requests that this Court enter an order dismissing Bruff's appeal of the District Court's April 16, 2026, May 4, 2026, May 19, 2026, and May 20, 2026, Orders as not subject to interlocutory appeal and affirm the District Court's April 22, 2026, decision. Alternatively, Lincoln requests that this Court affirm the decisions in all of the Orders that are the subject of this appeal and deny all other relief requested by Appellant in his appeal of those Orders. In addition, Lincoln requests that the Court award Lincoln its attorneys' fees and costs incurred in defending against this meritless appeal pursuant to 29 U.S.C. § 1132(g).

Dated this 2nd day of September 2026.

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR APPELLEE THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2026, I electronically filed the foregoing *Brief of Appellee* with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Charles T. Bruff
Email: cbruff13@outlook.com

James C. Goodfellow, Jr.
James.Goodfellow@jacksonlewis.com

September 2, 2026
Date

/s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Appellee, The Lincoln National Life Insurance Company

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 13,000 words or fewer, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

3. This brief complies with the typeface requirements of 5th Cir. R. 32.1 because the footnotes contained in this brief have been prepared in a proportionally spaced typeface using Microsoft Office Word in 12-point Times New Roman font.

4. This brief complies with 5th Cir. R. 25.2.1 because this brief has been converted to PDF format (not scanned) by printing to PDF from the original word processing file so that the electronic version of the brief may be searched and copied.

Dated: September 2, 2026

/s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Appellee, The Lincoln National Life Insurance Company