**No. 26-50345**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

CHARLES T. BRUFF,
Plaintiff-Appellant,

v.

USAA EDUCATIONAL ASSISTANCE PLAN;
LINCOLN NATIONAL LIFE INSURANCE COMPANY;
USAA HEALTH AND WELFARE BENEFITS PLAN,
Defendants-Appellees.

On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division
No. 5:26-CV-01720-XR

**APPELLANT'S OPPOSITION TO USAA'S MOTION TO JOIN/ADOPT LINCOLN'S RESPONSE BRIEF**

## I. INTRODUCTION

USAA appeared in this appeal for the first time on September 2, 2026 — the same day Appellee's response brief was due — and now moves to bootstrap onto Lincoln's response without having conferred with Appellant as required. The motion should be denied for failure to confer; USAA should not be given leave to refile out of time; and, independently, the combined response brief should be stricken because the timeline shows USAA had no representative present in this appeal while nonetheless coordinating with Lincoln on the substance of the response Lincoln ultimately filed on USAA's behalf.

## II. BACKGROUND

1. The district court action has been administratively closed since June 2, 2026, pursuant to the court's order (ECF No. 45) granting Plaintiff's motion to stay pending this interlocutory appeal. See Mire v. Full Spectrum Lending, Inc., 389 F.3d 163, 167 (5th Cir. 2014). No party, including USAA, has actively appeared in that closed case since.

2. USAA's counsel, Mr. Goodfellow, did not enter an appearance in this appeal until September 2, 2026, at approximately noon — hours before the response brief deadline.

3. Notwithstanding non-appearance, USAA's counsel was not inactive. On July 17, 2026, Mr. Goodfellow wrote to Appellant directly, responding to Appellant's June 26, 2026 communications with USAA human resources, and directed that "any future communications about these programs and the litigation" be routed through counsel rather than to USAA directly — this notwithstanding that the district court action was administratively closed at the time and Mr. Goodfellow was not a party to any active litigation involving USAA. (Exhibit USAA-WARN) Counsel thus asserted control over communications concerning this litigation and USAA's ongoing fiduciary duties while not being a party to any active litigation involving USAA.

4. Because USAA communicated with Appellant directly yet chose not to appear through counsel, Appellant reasonably assumed USAA would take no

position in this appeal and prepared the opening brief on that basis, treating Lincoln as the only party actually present.

5. USAA's counsel did not confer with Appellant before filing the instant motion — the same conferral failure for which Appellant's own motion (ECF No. 14) was denied in the district court by text order on April 8, 2026, under W.D. Tex. Local Rule CV-7(g).

## III. ARGUMENT

### A. This motion does not present the ordinary Rule 28(i) posture, and the Court should not treat it as though it does.

FRAP 28(i) permits a party to join or adopt another party's brief, but the rule presupposes a baseline that is absent here: that the joining party was a represented party throughout the proceeding being briefed — present, available for conferral, and subject to the same adversarial testing through motions practice as every other party. Rule 28(i) is a drafting efficiency for parties who have already been litigating the appeal in parallel; it is not a mechanism for a party to remain entirely outside the appeal, unavailable and unaccountable, and then step in at the close of briefing to claim the benefit of positions it had no hand in defending through the ordinary adversarial process.

That is precisely what happened here. USAA was not a represented, participating party during the opening brief or any of the motions practice that preceded the response deadline. It had no representative present to confer with, to

be held to the Court's procedural rules, or to answer for a position in real time. Permitting USAA to join Lincoln's brief under these circumstances would not be an application of Rule 28(i) — it would extend the rule to reach a scenario it was never designed to cover: a party sitting out the entire pendency of an appeal, avoiding the obligations that come with participation, and then joining at the last possible moment to claim the benefit of briefing it was never subject to testing through. The Court should recognize this motion for what it is and decline to treat ordinary Rule 28(i) practice as license for it.

**B. The motion should be denied for failure to confer.**

FRAP 27(a)(3) requires a movant to confer with opposing counsel before filing a motion of this kind. USAA's counsel made no such effort here — he did not confer with Appellant before filing the motion to join, despite having been in direct contact with Appellant as recently as July 17, 2026.

This is not a technicality Appellant asks the Court to overlook for one side while enforcing it against the other. Appellant was held to the identical conferral principle below: his own motion (ECF No. 14) was denied by text order on April 8, 2026, because he failed to confer with Defendants as required by W.D. Tex. Local Rule CV-7(g). The rule numbers differ by forum, but the obligation is the same one USAA's counsel ignored here. Having been on the losing end of exactly this failure at the district court level, Appellant respectfully submits that USAA should not be excused from the appellate analog of that same requirement.

**C. USAA should not be granted leave to refile out of time, and should be deemed to have waived its right to respond.**

If the Court is inclined to excuse the conferral failure rather than deny the motion outright, Appellant requests that USAA and Lincoln not be given a “do-over” — leave to cure the defect and resubmit after the response deadline has already passed. USAA waited until hours before the response brief was due, on September 2, 2026, to seek joinder to Lincoln's response for the first time in this appeal.

That timing is not an isolated lapse but the last in a series: USAA had no representative present in this appeal at any point during Appellant's opening brief, was unavailable for conferral throughout motions practice that followed, and then failed to confer before seeking to join Lincoln's response at the eleventh hour. Taken together, this pattern reflects USAA's own sustained choice not to participate in the appeal through counsel, not an oversight the Court should now excuse. Appellant respectfully submits that USAA should be deemed to have waived its right to respond, and that granting leave to cure the present defect out of time would reward that pattern of non-participation at Appellant's expense — particularly where Appellant has been held to strict compliance with filing deadlines throughout this litigation.

**D. The combined response brief should be stricken because it reveals USAA coordinated with Lincoln while having no representative present in the appeal.**

USAA's own motion represents that it is comfortable having Lincoln speak on its behalf. That representation cannot be reconciled with the timeline. USAA's counsel appeared for the first time at approximately noon on September 2, 2026 — moving to join a response brief that had not yet been filed. Lincoln's response brief, running nearly 30 pages, was not filed until hours later that same day. It is not plausible that USAA reviewed, evaluated, and became comfortable resting on a brief of that length in the span of a few hours after appearing for the first time. The only plausible explanation is that USAA had access to, and likely input into, the substance of Lincoln's response before USAA had a representative present in the appeal.

That matters because throughout the opening brief and all motions practice in this appeal, USAA was a party with no representative present. It did not appear, it did not confer, and it gave Appellant no notice that it intended to take a position. Appellant is now confronted with a response brief that — on the only plausible reading of this timeline — reflects USAA's substantive input despite USAA having had no representative present to confer with, be held accountable by the Court's procedural rules, or take responsibility for that input at any point before the response deadline. Appellant is being asked to reply to arguments effectively

shaped by a party with no representative present in the appeal, filed by an advocate for the other defendant, and then adopted after the fact through a bare motion to join. That is independently prejudicial, regardless of whether USAA's motion is otherwise denied for failure to confer. The combined response brief should be stricken.

**E. USAA and Lincoln should not be permitted to file separate responses in place of the stricken brief.**

Denying or striking the combined brief should not open the door to USAA and Lincoln separately re-filing responses of their own. Both defendants made a deliberate choice to wait until the eleventh hour — USAA by communicating with Appellant directly months earlier while declining to have a representative present in the appeal, and Lincoln by apparently coordinating with USAA well before USAA ever appeared, only to spring a combined brief and a coordinated bare motion to join hours before the deadline. That is not an inadvertent procedural misstep entitled to a cure; it is the product of a strategy that used USAA's absence as cover while the substance of a joint position was being prepared.

This posture matters because the relief requested in this appeal is not a final decision on the merits — it is relief from orders improperly entered below. Allowing USAA and Lincoln a second opportunity to file separate responses would functionally hand them the very “do-over” that the interlocutory character of this appeal does not otherwise provide, and that Appellant has been denied at every

procedural turn, including the denial of his own motion for a defect far less consequential than a party's months-long absence followed by an eleventh-hour bootstrap. Appellant respectfully requests that the Court not permit USAA or Lincoln to file separate responses, and that any relief from the combined brief be limited to that already requested above.

**IV. CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that the Court:

1. Deny USAA's Motion to Join/Adopt Lincoln's Response Brief for failure to confer under FRAP 27(a)(3);

2. Decline to grant USAA leave to refile the motion out of time, and deem USAA to have waived its right to respond in this appeal;

3. Strike the combined response brief as prejudicial, on the ground that it reflects USAA's substantive input despite USAA having had no representative present in the appeal at any point before the response deadline; and

4. Decline to permit USAA or Lincoln to file separate responses in place of the stricken brief, consistent with the interlocutory posture of this appeal.

Whatever the disposition of this motion, Appellant further requests that his deadline to file a reply brief be tolled pending the Court's resolution of this motion. Appellant cannot meaningfully prepare a reply until he knows which response brief, if any, he is replying to, and under what procedural conditions it was permitted to stand. Requiring Appellant to reply on the existing schedule —

without knowing whether the response he is replying to will remain in the record, be stricken, or be replaced — would force him to brief against a moving target and would compound the prejudice described above. Tolling the reply deadline until this motion is decided imposes no comparable burden on USAA or Lincoln, who created this procedural posture through their own conduct.

Respectfully submitted,

/s/ Charles Bruff
Charles T. Bruff
Plaintiff-Appellant, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on 9/7/2026, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Charles Bruff
Charles T. Bruff

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), this motion contains 1,828 words, as counted by the word-processing system used to prepare it.

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Charles Bruff
Charles T. Bruff