**NO. 26-50345**

---

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**CHARLES BRUFF,**

**Plaintiff-Appellant,**

**vs.**

**USAA HEALTH AND WELFARE BENEFITS PLAN, USAA EDUCATIONAL ASSISTANCE PLAN, UNITED STATES AUTOMOBILE ASSOCIATION, AND LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendants-Appellees.**

---

**On Appeal from the United States District Court**
**For the Western District of Texas**
**C.A. No. 5:26-CV-01720**

---

# THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO THE RELIEF REQUESTED IN APPELLANT'S OPPOSITION TO USAA'S MOTION TO JOIN/ADOPT LINCOLN'S RESPONSE BRIEF

---

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR APPELLEE THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Plaintiff-Appellant, Charles Bruff
2. Defendant-Appellee, The Lincoln National Life Insurance Company
3. Lincoln National Corporation, parent corporation of Defendant-Appellee
4. Law Offices of Iwana Rademaekers, P.C.
5. Defendant, United States Automobile Association

Dated: September 11, 2026

/s/ Iwana Rademaekers
IWANA RADEMAEKERS
Attorneys for Appellee, The Lincoln National Life Insurance Company

## PROCEDURAL BACKGROUND

The above-styled action pertains to the claim submitted by Plaintiff-Appellant Charles Bruff ("Bruff") for benefits from the USAA Health and Welfare Benefits Plan (the "Plan") under the Group Disability Insurance Policy[1] (the "Policy") issued by Defendant-Appellee The Lincoln National Life Insurance Company ("Lincoln") to USAA Employee Benefit. Bruff's claim was approved by Lincoln and continues in payment status to the present date.[2] Bruff's Complaint filed in the District Court, Civil Action No. 5:26-CV-01720 (the "District Court case") seeks relief from all Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"),[3] under 29 U.S.C. § 1132(a)(1) and 29 U.S.C. § 1132(a)(3). Bruff filed a series of unfounded and irrelevant motions in the District Court case, including motions that were denied by the District Court and are the subject of Bruff's interlocutory appeal.

Bruff's Brief (App. Document 53-1) was filed on August 3, 2026, and Lincoln's Brief was filed on September 2, 2026 (App. Document 68). Defendants-Appellees USAA Educational Assistance Plan and USAA Health and Welfare Benefits Plan (collectively "USAA") filed a Notice of Appearance of Counsel and

---

1 Complaint at Exhibit LTDPOL (ROA.317-369).
2 Complaint at ¶¶ 7-11 (ROA.10).
3 Complaint at ¶ 1 (ROA.9).

a Motion to Join and Adopt the Response Appeal Brief of Defendant-Appellee The Lincoln National Life Insurance Company on September 2, 2026 (App. Documents 64 and 67). Bruff filed Appellant's Opposition to USAA's Motion to Join/Adopt Lincoln's Response Brief (App. Document 69-1) on September 7, 2026. In addition to requesting that the Court deny USAA's Motion, Bruff is also requesting the Court to strike Lincoln's Brief and decline to permit USAA or Lincoln to file separate responses in place of the stricken brief. Lincoln responds to these requests for relief in this Response. Additionally, Bruff further requests that his deadline to file a reply brief be tolled pending the Court's resolution of Bruff's Motion. For the reasons cited below, the relief requested by Bruff in his Response should be denied in its entirety.

## ARGUMENT

### A. BRUFF'S REQUESTS TO STRIKE LINCOLN'S BRIEF AND TO DISALLOW APPELLEES TO FILE SEPARATE BRIEFS IN PLACE OF THE STRICKEN BRIEF ARE WHOLLY WITHOUT MERIT.

At the outset, it should be noted the Fed. R. App. P. 28(i) states, "In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief. Parties may also join in reply briefs." Based on this Rule, USAA did not need to file a Motion to join Lincoln's Brief. It could have done so via the filing of a simple notice with the Court.

The main argument Bruff makes in support of his request to have Lincoln's Brief stricken is his assertion that,

> It is not plausible that USAA reviewed, evaluated, and became comfortable resting on a brief of that length in the span of a few hours after appearing for the first time. The only plausible explanation is that USAA had access to, and likely input into, the substance of Lincoln's response before USAA had a representative present in the appeal.

App. Document 69-1 at p. 6.

However, assuming for the sake of argument that Bruff's "plausible explanation" was correct, there was no conflict of interest or Court-ordered restrictions that would preclude counsel's collaboration. Moreover, Bruff failed to cite any rule or legal precedent to support his argument that the alleged collaboration was improper or formed a basis upon which to strike Lincoln's Brief.

Even if, after considering USAA's Motion and Bruff's Response, the Court is inclined to deny USAA's Motion to Join, there is absolutely no basis whatsoever for a request to strike Lincoln's Brief. None of the arguments in Lincoln's Brief addressed anything other than the five Orders denying various Motions filed by Bruff that are the subject of the appeal, and none of these Orders involved USAA. No part of Lincoln's Brief can be deemed to support a position or argument that would be tied solely to the benefit of USAA. In other words, whether USAA

entered an appearance in this appeal or joined in Lincoln's Brief under Rule 28(i) has no bearing on the content or validity of the arguments presented in Lincoln's Brief. On its face, the arguments contained therein reflect Lincoln's position on the issues in this case, and USAA's filing of its Motion to join simply informs the Court that USAA agrees with the arguments presented by Lincoln. Accordingly, Bruff's request to strike Lincoln's Brief is wholly without merit and should be denied.

Likewise, Bruff's argument that denying or striking Lincoln's brief that USAA joined should not open the door to USAA and Lincoln separately re-filing responses of their own (App. Document 69-1 at p. 7) is without merit. Again, Bruff relies on the meritless collusion argument stating, without support, that Lincoln and USAA communicating about Lincoln's Brief is "the product of a strategy that used USAA's absence as cover while the substance of a joint position was being prepared." However, Lincoln's Brief directly addressed the five Orders that are the subject of this appeal, as it is obligated to do. USAA was not implicated in any of these five Orders or in the arguments Lincoln made in its Brief. It is unclear what Bruff means by saying USAA's absence was used as "cover," and Bruff does not state how any portion of Lincoln's Brief prejudiced him as a result of any alleged collaboration. Lincoln's Brief was filed timely, and USAA simply exercised its

right under Rule 28(i) to join Lincoln's Brief. Accordingly, this relief requested by Bruff should be denied.

### B. THE COURT SHOULD DENY BRUFF'S REQUEST TO TOLL THE DEADLINE TO FILE A REPLY BRIEF.

Bruff also asks that the Court toll his deadline to file his reply brief. However, no matter the outcome of the decision on USAA's Motion, Bruff can show no hardship. Depending on the outcome of the Court's decision on USAA's Motion, Bruff would either: a) need only to reply to the Brief filed by Lincoln on September 2, 2026; or b) have no deadline for a reply to any brief until after such time as Appellees refile their respective briefs. If the Court grants USAA's Motion, Bruff has already had access to the Brief filed by Lincoln since September 2, 2026. Moreover, if the Court were to deny USAA's request, the only brief currently on file to which a reply deadline applies is the Brief filed by Lincoln on September 2, 2026. Further, if the Court were to deny USAA's Motion and grant Bruff's request to strike Lincoln's Brief, then there would be no brief currently on file to which a reply deadline would apply. Additionally, the issues on appeal in this case are not so complex that awaiting a decision on USAA's Motion would prejudice Bruff in any way.

Furthermore, "The court greatly disfavors all extensions of time for filing reply briefs. The court assumes that the parties have had ample opportunity to

present their arguments in their initial briefs and that extensions for reply briefs only delay submission of the case to the court." (5th Cir. R. 31.4.4). Accordingly, Bruff's request to toll the reply deadline until this Motion is decided should be denied.

## CONCLUSION

Bruff can cite no rule or legal precedent for granting his request that this Court a) strike Lincoln's Brief simply because of his assertion that counsel for two parties on the same side of the litigation may have conferred; or b) decline to permit USAA or Lincoln to file separate responses in place of the stricken brief (should the Court grant his first request). Furthermore, the only brief currently on file in this case with a running reply deadline is the Brief filed by Lincoln, which Bruff has had access to since September 2, 2026. As such, Bruff cannot show any prejudice or undue hardship by having to respond to Lincoln's Brief within the time already allowed. Therefore, his request to toll the deadline does not meet the Fifth Circuit standards for such a request. For these reasons, and as this Court greatly disfavors all extensions of time for filing reply briefs, Bruff's request to toll his reply deadline should be denied as well.

## REQUEST FOR RELIEF

For the reasons cited above, Lincoln requests that the Court deny the relief requested in Bruff's Response to USAA's Motion to Join, and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 11th day of September 2026.

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR APPELLEE THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF COMPLIANCE

1. This Response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this Response contains 5,200 words or fewer, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2003 in 14 point Times New Roman font.

3. This Response complies with 5th Cir. R. 25.2.1 because this Response has been converted to PDF format (not scanned) by printing to PDF from the original word processing file so that the electronic version of the Response may be searched and copied.

Dated: September 11, 2026

/s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Appellee, The Lincoln National Life Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, I electronically filed the foregoing *Response to the Relief Requested in Appellant's Opposition to USAA's Motion to Join/Adopt Lincoln's Response Brief* with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Charles T. Bruff
Email: cbruff13@outlook.com

James Goodfellow
Email: james.goodfellow@jacksonlewis.com

September 11, 2026
Date

/s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Appellee, The Lincoln National Life Insurance Company