NO. 26-50345

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CHARLES BRUFF,

Plaintiff - Appellant,

vs.

USAA EDUCATIONAL ASSISTANCE PLAN; LINCOLN NATIONAL LIFE INSURANCE COMPANY; USAA HEALTH AND WELFARE BENEFITS PLAN,

Defendants - Appellees.

On Appeal from the United States District Court
For the Western District of Texas
C.A. No. 5:26-CV-01720

# DEFENDANTS-APPELLEES USAA EDUCATIONAL ASSISTANCE PLAN AND USAA HEALTH AND WELFARE BENEFITS PLAN'S REPLY IN SUPPORT OF THEIR MOTION TO JOIN AND ADOPT THE RESPONSE APPEAL BRIEF OF DEFENDANT-APPELLEE THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

James C. Goodfellow, Jr.
JACKSON LEWIS P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601
Tel: 312.803.2507
James.Goodfellow@jacksonlewis.com

*Counsel for Defendants-Appellees USAA Educational Assistance Plan, and the USAA Health and Welfare Benefits Plan*

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW Defendants-Appellees USAA Educational Assistance Plan and USAA Health and Welfare Benefits Plan (together referred to as "USAA Appellees"), through their undersigned attorney, and respectfully state and pray:

1. On September 2, 2026, the USAA Appellees filed a Motion to Join and Adopt ("Motion to Adopt") Defendant-Appellee The Lincoln National Life Insurance Company's ("Lincoln") Response Appeal Brief to Appellant Charles Bruff's ("Appellant") Opening Appeal Brief. *See* Dkt. Nos. 67, 68, and 53-1.

2. On September 7, 2026, Appellant filed an Opposition to the Motion to Adopt ("Opposition"). Dkt. No. 69-1.

3. Through the Opposition, Appellant takes issue with the USAA Appellees requesting to join Lincoln's Response Appeal Brief because they "appeared in this appeal for the first time on September 2,

2026" and seeks to join "Lincoln's response without having conferred with [him] as required." *See* Dkt. No. 69-1, ECF p. 1.[1]

4. The Opposition's gravamen is that (1) the USAA Appellees violated Fed. R. App. P. 27(a)(3) which Appellant contends "requires a movant to confer with opposing counsel before filing a motion of this kind," and (2) that Fed. R. App. P. 28(i) does not apply to the Motion to Adopt. *See* Dkt. No. 69-1, ECF pp. 3-5. Appellant's position is without merit.

5. First, the Motion to Adopt is correctly brought under Fed. R. App. P. 28(i), which expressly *permits* the USAA Appellees to join Lincoln's Response Appeal Brief. *See* Dkt. No. 67, ECF p. 2; *see also Smith v. Hood*, 900 F.3d 180, 184 n.4 (5th Cir. 2018) (holding that the only operative inquiry in testing the validity of adopted arguments under Rule 28(i) is whether they are "equally applicable" to the adoptive party).

---

[1] In addition, Appellant requested that this Court reject the Motion to Adopt, strike Lincoln's Response Appeal Brief, and prevent the USAA Appellees or Lincoln to file separate responses to his Appeal Brief. Appellant also requested an extension of his deadline to file a Reply brief pending the Court's resolution of his Opposition. *See* Dkt. No. 69-1, ECF pp. 1, 8.

6. Indeed, Fed. R. App. P. 28(i) clearly provides the USAA Appellees with the right to choose to adopt another appellee's brief. Fed. R. App. P. 28(i) ("In a case involving more than one appellant or appellee … any number of appellants or appellees *may* join in a brief, and any party *may* adopt by reference a part of another brief. Parties *may* also join in reply briefs.") (emphasis added).

7. Second, Appellant misplaces his reliance on Fed. R. App. P. 27(a)(3), which does not contain any pre-motion conference before filing. Instead, Rule 27(a)(3) explains procedural rules in filing a response to a motion. *See* Fed. R. App. P. 27(a)(3).

8. As explained in the Motion to Adopt, this interlocutory appeal is centered on Appellant's assertions to entitlement under the USAA Health and Welfare Benefits Plan (the "Plan"), which is alleged against Lincoln only.[2] Lincoln is the claims administrator for the Plan with sole discretion to make decisions with respect to the Plan's long

---

[2] There is no dispute between any of the parties that this appeal is between Appellant and Lincoln. Indeed, review of Appellant's Reply brief (Dkt. No. 77) demonstrates his concession that this appeal's previous motion practice, and all five of the district court's Orders at issue, involves only Lincoln. *See* Dkt. No. 77, *passim*.

term disability benefits at issue in this lawsuit. *See* Dkt. No. 67, ECF p. 3.

9. Thus, there are no issues in this appeal regarding any of the other USAA defendants named below. In the interest of conserving judicial resources, the USAA Appellees adopted Lincoln's Response Appeal Brief *only to the extent* that any response is required from the Plan. *Id.*

10. The Opposition fails to cite any valid rule or case law supporting Appellant's position that the Motion to Adopt was brought improperly, nor that any of the relief sought therein is warranted. Accordingly, this Court should disregard the Opposition, and expressly deny the relief requested therein.

WHEREFORE Defendants-Appellees USAA Educational Assistance Plan and USAA Health and Welfare Benefits Plan respectfully request that this Honorable Court grant their request to join and adopt Lincoln's Response Appeal Brief and reject Appellant's Opposition.

Respectfully submitted,

/s/ *James C. Goodfellow, Jr.*
James C. Goodfellow, Jr.
JACKSON LEWIS P.C.
150 N. Michigan Ave. Suite 2500
Chicago, IL 60601
Tel: 312.803.2507
James.Goodfellow@jacksonlewis.co
m

*Counsel for Defendants-Appellees USAA Educational Assistance Plan, and the USAA Health and Welfare Benefits Plan*

## CERTIFICATE OF COMPLIANCE

Counsel for Defendants-Appellees USAA Educational Assistance Plan and USAA Health and Welfare Benefits Plan certify in accordance with Federal Rules of Appellate Procedure Rule 27(d)(2) that this Motion contains 880 words as calculated by the word count function of Microsoft Word.

/s/ *James C. Goodfellow, Jr.*
*Counsel for Defendants-Appellees USAA Educational Assistance Plan, and the USAA Health and Welfare Benefits Plan*

## CERTIFICATE OF SERVICE

I certify that on September 14, 2026, I electronically filed the foregoing Motion with the Clerk of this Court by using the CM/ECF system, which will send electronic notice of such filing to counsel of record for all parties.

/s/ *James C. Goodfellow, Jr.*
*Counsel for Defendants-Appellees USAA Educational Assistance Plan, and the USAA Health and Welfare Benefits Plan*