No. 26-50345

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

CHARLES TERRENCE BRUFF,
Plaintiff-Appellant,
v.

LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK,
Defendant-Appellee.

On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division
Case No. 5:26-CV-01720-XR

# PLAINTIFF-APPELLANT'S MOTION FOR CLARIFICATION OF COURT ORDER AND REQUEST FOR ADMINISTRATIVE RELIEF

Plaintiff-Appellant Charles Terrence Bruff, appearing pro se, respectfully files this motion for clarification of this Court's June 2026 Order Granting Waiver of PACER Access Fees (Entry 26) and requests that this Court intervene with the Administrative Office of the United States Courts (AOC) to ensure implementation of the relief this Court granted.

On Friday, September 18, 2026, the PACER Service Center informed Plaintiff that the fee waiver granted by this Court cannot be implemented as a universal waiver covering all federal courts. Instead, PACER has directed Plaintiff to contact each of the 94 district courts individually to request implementation of the waiver within that specific court. As a result of PACER's

refusal to implement the waiver, Plaintiff's electronic search access to PACER has been suspended.

Plaintiff respectfully contends that:

1. This Court's order was not intended to be limited to this Court alone;

2. PACER's interpretation creates an administrative barrier that contradicts the purpose of the relief this Court granted;

3. The Administrative Office of the Courts is the appropriate entity to resolve this implementation failure; and

4. Without Court intervention, Plaintiff will suffer irreparable harm to his appellate rights while district court procedures create an impossible procedural burden.

## I. FACTUAL BACKGROUND

### A. This Court's Order Granting PACER Fee Waiver

On June 24, 2026, this Court granted Plaintiff's Motion for Waiver of PACER Access Fees, as requested during the pendency of Appeal No. 26-50345. Entry 26, Order Waiving PACER Fees. The order provided: "IT IS ORDERED that Appellant's motion to waive PACER fees during this appeal for matters relevant to this case only is GRANTED."

The Court's order was entered in its appellate capacity and referenced the appeal number—Appeal No. 26-50345—as the jurisdictional basis. The order

made no mention of limiting the waiver to the Fifth Circuit's website or electronic filings.

**B. Plaintiff's Initial Good-Faith Inquiry About Exemption Scope**

Before relying on this Court's order, Plaintiff sought clarification about whether the exemption would apply across PACER or only within the Fifth Circuit's systems. On June 25-26, 2026, Plaintiff asked Rebecca Jeanfreau and Margaret H. Dufour (Executive Assistant to the Clerk of Court) whether the exemption was "across pacer or only in the fifth circuit ECF."

On June 26, 2026, Margaret Dufour confirmed that the exemption was broadly applicable: "PACER will still be tracking your use and will report all accessed records to the court, including the number of pages and the number of documents accessed. In order to do this, your views and downloads will be logged. You will not be billed quarterly for your views/downloads related to your appeal."

This confirmation indicated that the fee waiver applied to all PACER access related to the appeal, not only the Fifth Circuit's electronic filings. Plaintiff proceeded with research under this understanding.

**C. Plaintiff's Subsequent Attempts to Implement the Waiver**

Following entry of this Court's order, Plaintiff submitted the order to the PACER Service Center with a request to implement the waiver on his account. The PACER Service Center responded on August 31, 2026, indicating that

PACER interprets its procedures to require that fee waivers be implemented separately by each individual court.

On September 9, 2026, Ms. Jeanfreau officially confirmed the Court's position: "Mr. Bruff is correct that our court order did not limit his research to our specific circuit."

On September 17, 2026, Plaintiff placed a telephone call to the PACER Service Center. During that call, Plaintiff was informed of the following:

1. PACER has an internal policy of "not allowing courts to grant fee exemptions outside of this circuit" — a policy that does not appear on PACER's public website (https://pacer.uscourts.gov/policy-procedures);
2. PACER stated that the only option is for Plaintiff to contact each of the 94 district courts individually to request a fee exemption;
3. When Plaintiff requested escalation to a supervisor, he was told "A supervisor would tell me the same thing" and that no supervisors were available;
4. When Plaintiff asked PACER to provide contact information for the 94 district courts, PACER confirmed they cannot provide that information, requiring Plaintiff to search for and locate each court's procedures separately;
5. PACER refused Plaintiff's request that PACER formally communicate its policy limitations to this Court, stating that "this request is not possible."

As of September 18, 2026, Plaintiff's PACER search access has been suspended, preventing him from conducting essential research for this appeal. Plaintiff's reply was filed without access to PACER search functions.

**D. The Administrative Impossibility**

Contacting all 94 district courts individually is not feasible for a pro se litigant with limited capacity and resources. PACER explicitly confirmed that it cannot provide contact information for the district courts, forcing Plaintiff to locate each court's procedures independently.

This burden would have several concrete effects:

1. **Unreasonable Burden**: Each district court maintains different procedures, communication protocols, and response times for PACER fee waiver requests. Contacting 90+ courts would consume time and resources that should be devoted to appellate work;

2. **Contradiction of Relief**: This Court granted fee waiver relief precisely to remove financial barriers to meaningful access. Requiring Plaintiff to navigate 94 separate court systems contradicts that relief by substituting an administrative burden for the financial one;

3. **Circumvention by Procedure**: PACER is effectively nullifying this Court's order through an undisclosed policy that the Court was unaware of when it granted the relief. When PACER cannot escalate its policy concerns to this

Court (as it explicitly refused to do), courts cannot effectively supervise whether their orders are being honored;

4**. Pro Se Litigant Burden**: Plaintiff appears pro se and has physical disabilities that affect his ability to conduct this kind of extensive coordination work. The district court in this case has already recognized Plaintiff's access barriers and granted accommodations on those grounds;

5. Delay and Access Denial: While Plaintiff attempts to contact 94 courts, his PACER access remains suspended. Briefing deadlines do not pause while administrative procedures are exhausted. The relief this Court granted is effectively denied in the meantime.

## II. THIS COURT'S AUTHORITY TO CLARIFY AND ENFORCE ITS OWN ORDER

Federal Rule of Appellate Procedure 41 and this Court's inherent authority permit clarification of an order when its implementation creates ambiguity or administrative failure. Courts regularly clarify orders to ensure they accomplish their intended purpose. See Fed. R. App. P. 41.

The relief granted by this Court on June 24th was not contingent on cooperation from any entity other than PACER itself. The order did not direct Plaintiff to seek approval from individual district courts; it directed PACER to waive fees for Plaintiff's appellate work.

## III. THE ADMINISTRATIVE OFFICE OF THE COURTS HAS RESPONSIBILITY FOR PACER IMPLEMENTATION

The Administrative Office of the United States Courts oversees federal court systems, including PACER operations and policies affecting litigant access. The AOC is the appropriate entity to resolve conflicts between:

1. Orders of the circuit courts and PACER's operational policies;

2. Individual litigant access rights and systemic PACER implementation; and

3. This Court's intent and PACER's interpretation thereof.

This Court's intervention with the AOC can resolve the implementation failure without requiring Plaintiff to initiate separate contacts with 94 different district courts, each with potentially different procedures, requirements, and responses.

## IV. IRREPARABLE HARM AND URGENCY

Plaintiff's PACER search account is currently suspended. Plaintiff cannot access PACER to conduct research. This is not a prospective harm—the suspension is active as of September 18, 2026 and was active at the time Plaintiff's reply brief was filed.

This Court has not yet decided whether Plaintiff will receive oral argument in this appeal. Plaintiff must be prepared for oral argument but currently cannot complete the research necessary to do so. Without PACER access, Plaintiff cannot:

1. Research case law and precedent;
2. Locate decisions in comparable cases;
3. Verify docket information; or
4. Complete research already in progress.

The research Plaintiff began under the Court's waiver remains incomplete.

Each week of suspension prevents Plaintiff from resuming that work and preparing adequately for potential oral argument.

This harm is not remediable by monetary damages and cannot await the outcome of sequential contacts with 94 district courts. The opportunity to prepare for oral argument cannot be recovered once it passes.

**V. JUDICIAL ECONOMY AND ACCESS TO COURTS**

Federal courts have long recognized that meaningful access to the judicial process requires removing financial and administrative barriers for parties who cannot afford them. See Walters v. National Ass'n of Radiation Survivors, 473 U.S. 305 (1985) (recognizing access concerns); see also Bruff v. Lincoln Life & Annuity Co., No. 5:26-CV-01720-XR (W.D. Tex. 2026) (addressing access barriers in the district court context).

Requiring Plaintiff to navigate the procedures of 94 different district courts to implement a single Circuit Court order undermines both judicial economy and meaningful access.

**VI. REQUEST FOR RELIEF**

Plaintiff respectfully requests that this Court:

1. Clarify that the June 2026 Order Granting Waiver of PACER Access Fees is intended to apply to all PACER access related to Appeal No. 26-50345, regardless of which federal court's PACER installation or database is accessed;
2. Direct the PACER Service Center to implement the waiver on Plaintiff's account for the duration of this appeal and to restore Plaintiff's suspended search access;
3. Intervene with the Administrative Office of the United States Courts to coordinate implementation of this Court's order across all federal court PACER systems;
4. Direct the Clerk to notify Plaintiff upon successful implementation and restoration of his access; and
5. Grant such other and further relief as the Court deems just and proper.

## VII. CONCLUSION

Plaintiff is grateful for the relief this Court granted in June 2026. The PACER fee waiver addresses a genuine barrier to meaningful appellate participation. However, the current implementation failure has rendered that relief inaccessible.

### A. The Pattern of Administrative Breakdown in Disability Accommodations

This situation illustrates a broader and recurring pattern: accommodations are hypothetically available, but in practice, without an interactive process to resolve implementation issues, they often break down. There is no way for a person with a disability to know how to respond when this happens.

Plaintiff has experienced this repeatedly:

At USAA, where Plaintiff worked: Accommodations for his disability were approved by HR. In theory, they were in place. In practice, individual

departments and supervisors consistently misunderstood, resisted, or failed to implement them. Plaintiff had to repeatedly escalate issues through various channels to achieve the relief that had been formally approved.

At UTSA, where Plaintiff is currently enrolled: Plaintiff regularly has to call UTSA police to gain access to buildings where no accessible path is available. Hypothetically, accommodations exist. In practice, barriers are created because of communication breakdowns between departments.

In a similar vein at the Western District of Texas federal courthouse Plaintiff attempted to file manually with the clerk of court before closing at 5:00 PM. Hypothetically, the push buttons that should allow ease of access for disabled people were available. In practice, handicap doors lock at precisely 5:00 p.m., At times, Plaintiff's necessary business concluded after 4:55 p.m., leaving him locked in the building the clerk's response was that “You should get here sooner.”

In each case, the pattern is identical: formal approval, theoretical availability, practical breakdown. And in each case, there is no clear mechanism for Plaintiff to report the problem, no interactive process to resolve it, and no pathway to relief beyond escalating through multiple channels or—as Rebecca Jeanfreau, the Fifth Circuit Case Management Clerk, advised—

motioning the Court for clarification and relief. Plaintiff effectively has to pick which battles he is willing to fight with his limited energy.

**B. The Risk of This Motion**

Plaintiff is nervous about filing this motion. He fears that by highlighting this implementation failure, this Court might view him as "being difficult" and might rescind the relief if administrative implementation proves difficult. This is consistent with organizational responses from the organizations above.

But Plaintiff has no meaningful choice. Miss Rebecca Jeanfreau told Plaintiff that she did not know what else to do, and that the best option was to motion in the case for relief and clarity. Without that relief, the accommodation granted by this Court is inaccessible in practice, even though it is formally in place.

Plaintiff again must exert additional resources to overcome an administrative barrier that the original request for accommodation was meant to resolve. Plaintiff can only ask that the need for these accommodations not bear negatively on his ongoing appeal.

**C. What Relief Plaintiff Seeks**

Plaintiff requests relief from the administrative obstacles to implementing this Court's order. He does not request reconsideration of the Court's decision to grant him access to PACER.

Courts have both authority and responsibility to intervene when their orders cannot be implemented as intended. That is what this motion asks.

Respectfully submitted,

/s/ Charles T. Bruff
Charles Terrence Bruff
Plaintiff-Appellant, Pro Se
4835 Medical Drive #29643
San Antonio, Texas 78229
(318) 452-8978
cbruff13@outlook.com

Date: September 22, 2026

**CERTIFICATE OF CONFERENCE**

Pursuant to Fifth Circuit Local Rule 27.1, I certify that I have not conferred with counsel regarding this motion. Conferral is not required because this motion seeks relief concerning an administrative implementation failure within PACER and the federal court system, not relief from or related to the Defendants-Appellees or the merits of the underlying appeal. This is a technical issue regarding implementation of the Court's own order. Defendant's counsel has no role in resolving it. Should my understanding of the need for a conference be incorrect, I would ask that the court be lenient, as this is a unique situation for Plaintiff to be in.

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing Motion for Clarification of Court Order and Request for Administrative Relief contains 2,123 words, as calculated by the word count feature in Microsoft Word.

## CERTIFICATE OF SERVICE

I hereby certify that on 9/22/2026, a true and correct copy of the foregoing Motion for Clarification of Court Order and Request for Administrative Relief was served upon counsel of record for all Defendants-Appellees by electronic filing through CM/ECF, and by email to the following addresses:

**Counsel for Lincoln National Life Insurance Company:**

Iwana Rademaekers, Esq. | iwana@rademaekerslaw.com
Sandy Acker | sandy@rademaekerslaw.com

**Counsel and Docketing Staff for USAA Defendants:**

Brian Aslin, Esq. | brian.aslin@jacksonlewis.com
Ana Sanchez | ana.sanchez@jacksonlewis.com
Crystal Aranda-Alvidrez | Crystal.Aranda-Alvidrez@jacksonlewis.com
Austin Docketing | Austindocketing@jacksonlewis.com

/s/ Charles T. Bruff
Charles Terrence Bruff
Plaintiff-Appellant, Pro Se